Argued and submitted April 3, 1997, affirmed February 4, petition for review denied May 26, 1998 (327 Or 174)

## CLARENCE R. WALLIS,
*Appellant,*

*v.*

## George BALDWIN,
## Superintendent,
## Eastern Oregon Correctional Institution,
*Respondent.*

## (CV 95-0953; CA A92238)

954 P2d 192

Harrison Latto argued the cause and filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

■    Petitioner initiated this post-conviction proceeding in 1995 to obtain reversal of his 1987 convictions for rape, sodomy and sexual abuse. The trial court entered summary judgment dismissing the proceeding as untimely. We affirm.

The facts relevant to our disposition of the appeal are not in dispute. Defendant's convictions were entered in December 1987. He did not file a direct appeal. On September 27, 1995, he filed a petition for post-conviction relief alleging that his trial counsel was constitutionally inadequate. The state moved for summary judgment on the ground that the petition had not been timely filed under ORS 138.510(3), which provides that petitioners whose convictions became final before August 5, 1989, must file for post-conviction relief by November 4, 1994. Petitioner argued that the limitation period imposed by the statute is unreasonably short and therefore amounts to an unconstitutional suspension of the writ of habeas corpus, in violation of Article I, section 23, of the Oregon Constitution. Petitioner reasoned that, because the remedy of habeas corpus is unavailable as to matters subject to post-conviction relief, an unreasonably short limitation period for the filing of post-conviction petitions, in effect, deprives him of habeas corpus relief. The trial court allowed the state's motion.

On appeal, petitioner reiterates his contention that the one-year limitation period that applies to him under ORS 138.510(3) is an unconstitutional suspension of the writ of habeas corpus. In support of his argument, defendant relies principally on *Bartz v. State of Oregon*, 314 Or 353, 839 P2d 217 (1992), which he reads as holding that a statutory limitation period on the filing of post-conviction petitions is unconstitutional unless it provides an "escape clause," which allows later petitions on a showing of good cause.

The state takes several alternative positions in support of its contention that the statute is constitutional under *Bartz*. First, the state contends that there is an escape clause that can be "implicitly incorporated" from elsewhere in the statute and that the incorporation of that escape clause makes ORS 138.510(3) reasonable under *Bartz*. Second, it

argues that, even if there is no escape clause that applies to ORS 138.510(3), the statute does not impose an unreasonable limitation on the filing of post-conviction petitions. Third, the state argues that, even if ORS 138.510(3) imposes an unreasonably brief period for filing post-conviction petitions, it does not amount to a suspension of the writ of habeas corpus, because the Supreme Court always retains original jurisdiction to hear at least some habeas corpus petitions.

The Post-Conviction Hearing Act, as amended in 1989, provided, in relevant part:

"A petition [for post-conviction relief] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a)   If no appeal is taken, the date of the judgment or order on the conviction was entered in the register.

"(b)   If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

ORS 138.510(2) (1989). Thus, under that version of the law, a post-conviction petitioner had 120 days to file a petition, subject to what has become known as an "escape clause" providing for later filing if the court "finds grounds for relief which could not reasonably have been raised" within the 120-day period.

In *Bartz*, the Supreme Court addressed whether the 120-day limitation period amounted to an unconstitutional suspension of the writ of habeas corpus, in violation of Article I, section 23, of the Oregon Constitution. The court began by observing that

"[a]ny legal system, including habeas corpus, requires procedures to implement it. So long as those procedures are not tantamount to a suspension of the system of habeas corpus—that is, so long as those procedures are reasonable for persons who seek redress— they do not offend the state constitutional ban on suspending habeas corpus."

314 Or at 365. Applying its rule of reasonableness to the terms of ORS 138.510(2), the court concluded:

"[A] person convicted of a crime in Oregon may appeal that conviction. The convicted person must serve and file the notice of appeal not later than 30 days after the judgment or order appealed from is entered in the register. By contrast, the PHCA gives the convicted person four times as long to review the circumstances of the conviction, consult with counsel, and consider whether a post-conviction claim is available, plus additional time to bring claims when the grounds for relief asserted could not reasonably have been raised within 120 days. The 120-day limit, when combined with the exception, provides a reasonable *opportunity to* seek post conviction relief. We do *not* hold that any time limit, no matter how short, would be permissible in this context, but we do hold that the 120-day period of limitation in ORS 138.510(2), which incorporates an exception in certain circumstances, does not prevent the available procedure from being reasonable for persons who seek redress. ORS 138.510(2) does not violate Article I, section 23, of the Oregon Constitution."

*Id.* at 366 (citations omitted; emphasis in original).

In 1993, the legislature amended ORS 138.510. Relevant to this appeal are amendments to subsection (2), increasing the limitation period for post-conviction petitions generally from 120 days to two years, and the adoption of a new subsection (3), imposing a retroactive one-year limitation period for all persons whose convictions were entered four years earlier. The statute, as amended, now reads:

"(2)  A petition [for post-conviction relief] must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a)  If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b)  If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(3)  *A one-year filing period shall apply retroactively to petitions filed by persons whose convictions and appeals became final before August 5, 1989, and any such petitions must be filed within one year after November 4, 1993.* A person whose post-conviction petition was dismissed prior to

November 4, 1993, cannot file another post-conviction petition involving the same case."

ORS 138.510 (emphasis supplied). Subsection (2) retains the "escape clause" feature that was mentioned in *Bartz*. The new subsection (3) contains no such exception, nor does it contain any textual reference to the exception in subsection (2). Subsection (3) plainly provides that *"any"* post-conviction petition filed by a person whose conviction became final before August 5, 1989, *"must"* be filed before November 4, 1994.[1] The question, therefore, is whether, in the absence of the exception that the court relied on in *Bartz*, the limitation period imposed by ORS 138.510(3) is reasonable.

■   We conclude that the imposition of a one-year limitation period on the filing of post-conviction petitions concerning convictions that already have been final at least four years is a reasonable limitation. As the court observed in *Bartz*, on direct appeal, defendants have a mere 30 days within which to evaluate their cases and decide to appeal. The limitation period contained in ORS 138.510(3)—in effect a five-year limitation period—is roughly 60 times as long. That five-year period seems a sufficient time within which to consider whether a post-conviction claim is available. The absence of an applicable "escape clause" is not fatal to the current version of the statute. *Bartz* in no way suggests that such a clause is necessary; it holds only that the relatively short 120-day limitation period contained in the earlier version of the statute, combined with the escape clause, imposed a reasonable limitation on the availability of post-conviction—and indirectly, habeas corpus—relief. In this case, in

---

[1] The state's argument that the escape clause that appears in subsection (2) may be grafted into subsection (3) is somewhat difficult to follow. According to the state, subsection (3) imposes a "one-year filing period." That "filing period" must be understood to mean one year from either of the two events listed in subsection (2), namely one year from the date the conviction becomes final either by entry of the judgment when no appeal is taken or by entry of an appellate judgment. "Consequently," the state concludes, "the reference in subsection (3) to 'filing period' incorporates the escape clause defined in subsection (2)."

The state's observation that the "filing period" referred to in subsection (3) must be construed in light of either of the two events listed in subsection (2)(a) and (2)(b) certainly is correct. But we do not understand how it follows from that observation that the escape clause must be incorporated as well. That conclusion, in fact, seems contradicted by the text of subsection (3).

light of the much longer limitation period, we conclude that an escape clause such as the one contained in ORS 138.510(2) is not necessary to sustain the constitutionality of the statute under Article I, section 23, of the Oregon Constitution.

Petitioner insists that ORS 138.510(3) effectively imposes a one-year limitation, because there was "no pressing need" before the enactment of the 1993 amendments to evaluate the merits of a post-conviction petition. Moreover, he argues, the one-year period is insufficient, because it may not have been adequate time for affected persons to have become informed of the change in the law. As to petitioner's first contention, we conclude that, merely because he or others in his position felt "no pressing need" to file a post-conviction petition does not mean that it is unreasonable for the legislature to have imposed time limitations on the filing of petitions. As for the second contention, we note the Supreme Court's observation in *Bartz* that

> "[i]t is a basic assumption of the legal system that the ordinary means by which the legislature publishes and makes available its enactments are sufficient to inform persons of statutes that are relevant to them."

314 Or at 359-60.

We conclude that ORS 138.510(3) does not violate Article I, section 23, of the Oregon Constitution and that the trial court therefore did not err in granting summary judgment dismissing petitioner's post-conviction claims.

Affirmed.