Michael Wayne **JENKINS,**
Petitioner–Appellant,

v.

Dan **JOHNSON, Superintendent,**
Respondent–Appellee.

No. 99–36194.

United States Court of Appeals,
Ninth Circuit.

Argued March 7, 2002.

Submitted May 13, 2003.

Filed May 20, 2003.

---

Steven T. Wax and Lisa Hay, Federal Public Defender's Office, Portland, OR, for the petitioner-appellant.

Daniel J. Casey, Justice Department, State of Oregon, Salem, OR, for the respondent-appellee.

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

Opinion by Judge BETTY B. FLETCHER. Dissent by Judge O'SCANNLAIN.

## OPINION

BETTY B. FLETCHER, Circuit Judge.

This case poses the question of when a federal habeas petitioner's state-court petition for post-conviction relief counts as "properly filed" and as "pending" for the purposes of tolling the Anti terrorism and Effective Death Penalty Act's ("AED-

PA's") one-year limitations period. Petitioner Michael W. Jenkins ("Jenkins") filed a post-conviction petition in Oregon state court, which the state court dismissed in September 1996. Due to a clerical error in the state court, Jenkins' attorney received no notice of the ruling until January 1997. As a result, Jenkins missed the state-law deadline for filing a late notice of appeal, and the Oregon Court of Appeals rejected his notice of appeal. Jenkins then appealed the Court of Appeals' ruling to the Oregon Supreme Court, and, after his appeal was rejected, filed a federal habeas petition in May 1998. The district court dismissed Jenkins' petition as time-barred but issued a certificate of appeal ability (COA) covering claims respecting AEDPA's statute of limitations and tolling provisions. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and now reverse and remand.

## I. FACTUAL BACKGROUND

In 1980, an Oregon state court sentenced Jenkins to four consecutive twenty-year sentences following his conviction for robbery, kidnaping, sodomy, attempted murder, and two counts of rape. His conviction became final in 1981. Since then, Jenkins has filed four post-conviction petitions in state court, only the last of which is relevant here. Jenkins filed his fourth amended post-conviction petition in Oregon state court on March 13 or 14, 1996. The state replied immediately with a motion to dismiss alleging that (1) the petition was time-barred by Oregon Revised Statutes ("ORS") § 138.510(3), and (2) the petition was a "successive" petition barred by ORS § 138.550(3).

Roughly one month later, on April 24, 1996, the AEDPA took effect. *See* Pub.L.

No. 104–132, 110 Stat. 1214. Because Jenkins' state court conviction had become final prior to that date, the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1) began running the next day unless it was tolled pursuant to 28 U.S.C. § 2244(d)(2).

On August 8, 1996, the Oregon post-conviction court issued a letter ruling granting the state's motion to dismiss Jenkins' fourth amended petition for post-conviction relief. The court offered no explanation for its dismissal and did not indicate the grounds on which the state prevailed: its timeliness argument or its claim that Jenkins' petition was successive. The post-conviction court entered the judgment of dismissal on September 9, 1996.

Under Oregon law, Jenkins' notice of appeal from this decision should have been filed by October 9, 1996. However, Jenkins' attorney was unaware of the September 9 judgment until January 28, 1997. Although it was normal practice for the court clerk to mail a copy of a judgment once it was entered, a new court employee apparently did not do so in Jenkins' case.[1] Pursuant to ORS § 138.071(4), Jenkins filed a motion for leave to file a late notice of appeal on January 28, 1997, the same day he learned of the September 9 judgment. Jenkins filed a notice of appeal concurrently, some three and a half months after the October 9 deadline.

On March 4, 1997, the Oregon Court of Appeals denied Jenkins' motion to file a delayed appeal "without prejudice to seeking post-conviction relief" because the request for leave to file the delayed notice of appeal was filed more than ninety days after the September 9 entry of the order of judgment. ORS § 138.071(4)(c) imposes

---

1. The state has been aware of Jenkins' allegation about the court's failure to notify him of the judgment since at least April 25, 1997, when Jenkins filed his late petition for review in the Oregon Supreme Court. Jenkins reiterated his claim in both his opening brief and his supplemental brief in this case. The state has never contested Jenkins' claim.

a ninety-day limit on filing requests for leave to file a delayed notice of appeal.

■ Jenkins petitioned for review of this order. The Oregon Supreme Court denied Jenkins' petition without comment on May 27, 1997. Jenkins filed his federal habeas corpus petition on May 11, 1998.[2] Accordingly, because Jenkins did not file his federal petition until more than a year after AEDPA's effective date, it is untimely unless the statute of limitations was tolled.

The district court had jurisdiction over Jenkins' petition pursuant to 28 U.S.C. §§ 2241 and 2254. Relying on this court's decision in *Dictado v. Ducharme,* 189 F.3d 889, 892 (9th Cir.1999) (*Dictado I* ), the district court determined that the one-year statute of limitations imposed by AEDPA had not been tolled and therefore dismissed Jenkins' petition as time-barred. The district court issued a certificate of appeal ability (COA) covering Jenkins' claims respecting AEDPA's statute of limitations and tolling provision, which are now presented in this appeal.

## II. DISCUSSION

### A. *Standard of Review*

■ We review de novo a district court's dismissal of a 28 U.S.C. § 2254 habeas petition based on a statute of limitations. *See Hasan v. Galaza,* 254 F.3d 1150, 1153 (9th Cir.2001).

### B. *Application of AEDPA Statute of Limitations*

AEDPA's provisions apply to this case because Jenkins' petition was filed after the Act's April 24, 1996 effective date. *Lopez v. Thompson,* 202 F.3d 1110, 1116 n. 5 (9th Cir.2000). AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). State prisoners like Jenkins, whose convictions became final prior to April 24, 1996, have a one-year grace period in which to file their petitions. *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc). The grace period, however, is tolled statutorily during any time in which a properly filed application for post-conviction relief is pending before the state court. *See* 28 U.S.C. § 2244(d)(2); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir. 1999).

Jenkins contends that he is entitled to statutory tolling sufficient to render his § 2254 petition timely. In the alternative, he maintains that any period during which the limitation period was not statutorily tolled should nonetheless be equitably tolled. The state counters that Jenkins' fourth amended state petition was neither "properly filed" nor "pending" within the meaning of 28 U.S.C. § 2244(d)(2), and that Jenkins is not entitled to tolling.

#### 1. *Was Jenkins' petition "properly filed"?*

In *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), the

---

**2.** This filing date does not, however, take into account the effect of the "prison mailbox rule," which provides that a prisoner's federal habeas petition should be considered to have been filed when he gave it to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir.2001) (citing *Saffold v. Newland,* 250 F.3d 1262, 1268 (9th Cir.), *vacated and remanded on other grounds sub nom. Carey v. Saffold,* 536 U.S. 214 (2002)). Jenkins signed his federal habeas petition on April 7, 1998; accordingly, his filing date could have been as early as then.

United States Supreme Court considered whether a petition for state post-conviction relief containing claims that were procedurally barred under state law could ever be considered "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). The Court concluded that such a claim could be considered properly filed under certain circumstances. Specifically, the Court rejected the argument that an application is not properly filed unless it complies with all mandatory procedural requirements that would bar review of the merits of the petition. *Bennett*, 531 U.S. at 8, 121 S.Ct. 361.

■ *Bennett* noted that a petition is technically filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Id.* The court determined that such a petition is "properly filed" for § 2244(d)(2) purposes:

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Id.* The Court expressly distinguished between statutes that place a condition on *filing*, as opposed to statutes that impose a *condition to obtaining relief. Id.* at 11, 121 S.Ct. 361. As the Court noted, "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* at 9, 121 S.Ct. 361 (emphasis in original).

Although the *Bennett* Court clarified that the § 2244(d)(2) inquiry should center on whether any state procedural bar aims specifically at preventing a petition's filing, the Court explicitly expressed "no view on the question of whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 9 n. 2, 121 S.Ct. 361.

Following the Court's decision in *Bennett*, this court withdrew *Dictado I* and replaced it with *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir.2001) (*Dictado II*). In *Dictado II*, a case not unlike this one, we considered the timely filing question that the Court declined to reach in *Bennett*: whether a petition could be considered "properly filed" when it had been dismissed by the state supreme court as both untimely and repetitive. We looked to the Fifth Circuit's decision in *Smith v. Ward*, 209 F.3d 383 (5th Cir.2000), which held that a time limitation is not a filing requirement as long as it contains exceptions. According to *Smith*, if a statute requires the state court to look at the petition to consider whether certain exceptions might apply, then it is not an absolute bar to filing, but merely a limitation on a court's ability to grant relief. *Id.* at 385.

*Dictado II* followed *Smith*. We held that if a state's rule governing timely commencement of post-conviction relief proceedings contains exceptions that require the state courts to examine the merits of the petition before dismissing, the petition, even if it is ultimately found to be untimely, should be regarded as "properly filed" since the state statute "does not impose an absolute bar to filing." *Dictado II*, 244 F.3d at 727–28.

Applying the rule in *Dictado II*, we determined that Washington state statutes governing successive petitions imposed a "condition to obtaining relief" under *Bennett*, rather than a condition to filing. *Id.* at 727. We based our conclusion on the fact that the statute "disfavors successive petitions, but allows a state court to consider a successive petition" under certain circumstances. *Id.* Because Washington's

statute included an escape clause permitting successive petitions upon a showing of good cause, we concluded that the successive petition bar simply "prescribes a rule of decision." *Id.*[3]

■ In its motion to dismiss Jenkins' fourth amended petition for post-conviction relief, the state argued that the petition was barred under Oregon's statutes governing both timeliness and successive petitions. The post-conviction court dismissed the petition without identifying the basis for its ruling. Consistent with *Bennett* and *Dictado II,* we must determine whether Oregon's statute governing the timeliness of post-conviction petition filings imposes a condition to filing. The relevant portions of ORS § 138.510 in effect at the time Jenkins filed his petition read:

> (2) A petition pursuant to ORS 138.510 to 138.680 [Oregon's Post Conviction Hearing Act] must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:
>
> > (a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

(3) A one-year filing period shall apply retroactively to petitions filed by persons whose convictions and appeals became final before August 5, 1989, and any such petitions must be filed within one year after November 4, 1993. A person whose post-conviction petition was dismissed prior to November 4, 1993, cannot file another post-conviction petition involving the same case.

Jenkins' conviction became final in 1981.[4] The plain language of subsection (3), which contains no escape clause or list of exceptions, seems to suggest that Jenkins' fourth amended petition, filed in 1996, was untimely; under *Dictado II,* then, it would not have been properly filed for purposes of 28 U.S.C. § 2244(d)(2). Jenkins, however, points to subsection (2) of ORS § 138.510, which contains an escape clause for cases in which a court "finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." Because this escape clause would require a court to assess the merits of a petitioner's claim before dismissing a petition for untimeliness, under *Dictado II,* ORS

---

3. The United States Supreme Court's recent decision in *Carey v. Saffold* does not alter this conclusion. In *Saffold,* the Court stated that a hypothetical California Supreme Court ruling that a delay was "unreasonable" would have precluded tolling the federal habeas limitations period during that delay "regardless of whether [the California Supreme Court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Carey v. Saffold,* 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The Supreme Court did not undermine *Bennett* or *Dictado II* in making this observation, either intentionally or by implication. Instead, the Court was making a limited point: that, under the unusual California system, the reasonableness vel non of the tim-

ing of Saffold's federal habeas petition bore directly on whether Saffold's petition was to be deemed "pending" while he sought review in the California Supreme Court. *Id.* The *Saffold* Court did not consider whether or not California's timeliness rule was a condition to filing or a condition to obtaining relief, as that issue was not before the Court. *Cf. Bennett,* 531 U.S. at 11, 121 S.Ct. 361.

4. At oral argument, the state specifically stated that it was not relying on the final statement in subsection (3) regarding petitions dismissed prior to November 4, 1993. We hold it to that concession here, and focus on the first sentence of subsection (3), on which the state does rely.

§ 138.510(2) does not impose a condition to filing. Accordingly, a petition subsequently dismissed pursuant to that section is nonetheless to be considered "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

The state counters that the statute's terms make clear that Jenkins falls under ORS § 138.510(3), rather than subsection (2). Jenkins, however, argues that, prior to the Oregon Court of Appeals' decision in *Wallis v. Baldwin*, 152 Or.App. 295, 954 P.2d 192 (1998), *review denied*, 327 Or. 174, 966 P.2d 218 (1998), it was not clear that the escape clause contained in subsection (2) did not also apply to subsection (3). In *Wallis*, the Oregon Court of Appeals considered a state constitutional challenge to ORS § 138.510(3). The plaintiff in that case argued that the limitation period imposed under subsection (3) was unreasonably short under a previous decision, *Bartz v. State*, 314 Or. 353, 839 P.2d 217 (1992). *Bartz* considered an earlier version of the statute, which imposed a 120 day limit on post-conviction relief filings but also included the exception present in the current statute where a court "finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." *Id.* at 219. The *Bartz* court concluded:

> [t]he 120–day limit, when combined with the exception, provides a reasonable opportunity to seek post-conviction relief. We do *not* hold that any time limit, no matter how short, would be permissible in this context, but we do hold that the 120 day period of limitation in ORS 138.510(2), which incorporates an exception in certain circumstances, does not prevent the available procedure from be-

ing reasonable for persons who seek redress.

*Id.* at 225 (emphasis in original).

The plaintiff in *Wallis* read *Bartz* to say that a statutory limitation period was unconstitutional unless it provided an "escape clause" allowing later petitions on a showing of good cause. *Wallis*, 954 P.2d at 193–94. Seeking to avoid a finding that the lack of such an escape clause in ORS § 138.510(3) rendered the subsection unconstitutional,[5] *the state itself* argued in *Wallis* that the escape clause contained in subsection (2) was implicitly incorporated into subsection (3), making the subsection reasonable under *Bartz*. *Id.* at 195 n. 1.

Although the *Wallis* court rejected the state's claim that the escape clause contained in subsection (2) applied to petitions governed by subsection (3) and concluded that the absence of the "escape clause" to the one-year limitation period in subsection (3) was not fatal, *id.* at 195, the fact that the court did not make this clear until 1998—two years after the state post-conviction court dismissed Jenkins' petition—coupled with the fact that *the state itself* believed that the subsection (2) escape clause applied to petitions filed pursuant to subsection (3) supports Jenkins' claim that there was no absolute bar on filings like his in 1996.

After *Wallis* it is now clear that subsection (3) would apply to Jenkins without the benefit of the subsection (2) escape clause, and under *Bennett* and *Dictado II*, subsection (3), as understood post-*Wallis*, therefore imposes a bar to filing whose violation would render a petition improperly filed for 28 U.S.C. § 2244(d)(2) purposes. In light of the state's own apparent confusion in *Wallis*, however, we hold that the inapplicability of the escape clause was not

---

5. The Oregon legislature increased the ORS § 138.510(2) limitation period to two years and added subsection (3) in 1993 after *Bartz* was decided.

Oregon law at the time of Jenkins' filing. *Cf. Martinez v. Klauser,* 266 F.3d 1091, 1093–94 (9th Cir.2001) (Idaho state court's dismissal of habeas petition as untimely not adequate basis to bar federal review where prior state authority does not support the decision and later authority indicates that the decision may have been contrary to state law).

We now turn to Oregon's successive petition statute, ORS § 138.550(3). As explained above, the state post-conviction court did not indicate the grounds upon which it based its dismissal of Jenkins' claim. Because the state argued that the petition was barred as both untimely and successive, the successive petition bar could apply even though the untimeliness bar fails.

■ ORS § 138.550(3) provides, in relevant part:

All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived *unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.*

(Emphasis added.) The statute includes an exception requiring a court to consider whether a petition asserts permissible grounds for relief before the court dismisses on procedural grounds. Thus, under *Bennett* and *Dictado II,* ORS § 138.550(3) does not impose an absolute bar to filing, and a petition subsequently dismissed as successive under that statute is nonetheless properly filed for 28 U.S.C. § 2244(d)(2) purposes.

Therefore, because ORS § 138.510(3) was not an adequate state ground of decision for procedural bar purposes prior to *Wallis,* and because ORS § 138.550(3) does not impose an absolute bar to filing

but instead only a condition to obtaining relief, Jenkins' fourth amended petition was properly filed. The next step of the analysis is to determine whether that petition was "pending" for 28 U.S.C. § 2244(d)(2) purposes for a sufficient period to render Jenkins' federal petition timely.

2. *Was Jenkins' petition "pending" through May 27, 1997?*

The state contends that Jenkins' state post-conviction petition was not "pending" within the meaning of 28 U.S.C. § 2244(d)(2) for a sufficient period to render his federal petition timely under AEDPA. This issue was raised but not reached in the district court.

■ In *Nino,* the court concluded that AEDPA's statute of limitations must be tolled during "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." 183 F.3d at 1006 (internal quotation marks and citation omitted). The court determined that a sensible construction of AEDPA demanded that a "broad construction [be] given the word 'pending.'" *Id.* at 1005. *Nino* made clear that a petition could be considered to have been "pending" even if the courts ultimately declined to consider its merits. *Id.; see also Tillema v. Long,* 253 F.3d 494, 502 (9th Cir. 2001) (as amended) (holding that "AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition."). *Nino's* broad interpretation of "pending" allows "the state courts to have the unfettered first opportunity to review the prisoner's claim and to provide any necessary relief.... Tolling AEDPA's

statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems." 183 F.3d at 1007.

■ The Supreme Court recently underscored the importance of permitting states the fullest opportunity to consider a petition for post-conviction relief before requiring that a petitioner take his case to federal court. In *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the Supreme Court held that a petition is "pending" during the period between a lower state court's decision and the filing of a notice of appeal in a higher state court. *Id.* at 217, 122 S.Ct. 2134. The *Saffold* Court reiterated earlier holdings that a habeas petitioner must " 'invok[e] one complete round of the State's established appellate review process' " in the interest of promoting " 'comity, finality, and federalism.' " *Id.* at 220, 122 S.Ct. 2134 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) and *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). AEDPA intends that state courts receive "the first opportunity to review [the] claim, and to correct any constitutional violation in the first instance." *Id.* (internal quotations and citation omitted). Therefore, a petitioner may not file for relief in federal court until he has exhausted his state remedies; according to the Supreme Court, exhaustion has not occurred as long as the petitioner retains "the right under the law of the State to raise ... by any *available procedure*, the question presented." *Id.* (citing 28 U.S.C. § 2254(c)) (emphasis added) (internal quotation marks omitted).

*Saffold* therefore requires that we answer a threshold question: Was a proce-

dure "available" to Jenkins? Here, the Oregon Court of Appeals and the Oregon Supreme Court considered Jenkins' motion to file a delayed appeal pursuant to ORS § 138.071(4).[6] As recounted above, Jenkins did not receive notice of the state post-conviction court's September 9, 1996, dismissal of his petition until January 28, 1997, some four and a half months after it was filed. ORS § 138.071(1) requires that a notice of appeal be served within thirty days after judgment is entered. Therefore, Jenkins' notice of appeal would have been due on October 9, 1996. However, ORS § 138.071(4) provides, in relevant part:

(4)(a) Upon motion of a defendant, the Court of Appeals shall grant the defendant leave to file a notice of appeal after the time limits described in subsections (1) to (3) of this section if:

(A) The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

(B) The defendant shows a colorable claim of error in the proceeding from which the appeal is taken.

. . .

(c) The request for leave to file a notice of appeal after the time limits prescribed in subsections (1) to (3) of this section shall be filed no later than 90 days after entry of the order or judgment being appealed and shall be accompanied by the notice of appeal sought to be filed[.]

. . .

(e) The denial of a motion under paragraph (a) shall be a bar to post-conviction relief under ORS 138.510 to 138.680

---

6. Following a 1998 decision, the "former practice of allowing post-conviction petitioners to file a late notice of appeal based on a showing of good cause" under ORS § 138.071 was repudiated. *Miller v. Baldwin,* 176 Or.App. 500, 32 P.3d 234, 236 (2001) (citing *Felkel v. Thompson,* 157 Or.App. 218, 970 P.2d 657 (1998)).

on the same ground, unless the court provides otherwise.

Because Jenkins did not receive notice of the state post-conviction court's entry of judgment until more than ninety days after it had occurred, he could not possibly have complied with ORS § 138.071(4)(c), the section upon which the Oregon Court of Appeals based its dismissal. His argument to the Court of Appeals was essentially one for equitable tolling: He argued that equity requires that the statute of limitations not be mechanically applied where the state courts themselves forced a late filing by their own failure to follow mandatory procedures—in this case, sending Jenkins notice that the state court had dismissed his petition for post-conviction relief.

The question, then, is whether or not Jenkins' equitable request for permission to file a late notice of appeal invoked a procedure "available" to him in light of the requirement that we broadly interpret when a petition might be "pending" for purposes of statutory tolling. *See Nino,* 183 F.3d at 1005–06 (favoring a permissive reading of "pending" where "[a] contrary construction would be antithetical to the entire theory of state remedy exhaustion and would inevitably lead to the filing of protective federal petitions" because construing the tolling statute broadly "reinforces the orderly presentation of claims to the appropriate state tribunals and obviates the need for federal action prompted by AEDPA's statute of limitations."). *Nino* implicitly held that we should defer, when possible, to a state court's own determination of whether a petition is "pending." *Saffold* reinforces this approach. *Saffold,* 536 U.S. at 226, 122 S.Ct. 2134 ("If the California Supreme Court had clearly ruled that Saffold's 4–month delay was 'unreasonable,' that would be the end of the matter . . .").

■ The record shows that Jenkins—placed in a very difficult position due to the state post-conviction court's failure to timely notify him of the decision in his case—made a reasoned argument to the Oregon Court of Appeals that the statute of limitations imposed in subsection (c) was not mandatory but permissive, and that the court should exercise its discretion to permit his late notice because his delay was entirely out of his control. The fact that the Oregon Court of Appeals ultimately disagreed with Jenkins' argument—whether because it determined that the requirement was, in fact, mandatory or because it rejected his equitable claim on the merits is unclear—does not in and of itself demonstrate that Jenkins was not using available state court procedures properly when he filed his petition.

However, the district court never made any findings of fact on the issue of whether the state courts deemed Jenkins' petition untimely. It simply never reached the issue. Although we conclude that Jenkins' petition was properly filed, we remand, as requested by the petitioner, for the district court to determine whether it was "pending" and whether tolling applies. On remand, Jenkins may advance his claims and develop the record as to whether equitable tolling applies even if statutory tolling may not. *See Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002) (holding that equitable tolling of the filing deadline for a habeas petition is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (quoting *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999)) (internal quotation marks omitted). From the record before us, it appears that Jenkins pursued his state remedies as expeditiously as practically possible, filing a motion on the very day he learned of the judgment. The failure to notify Jenkins of the judgment in a timely manner was certainly out of his control. Moreover, had he not persisted

with his state court appeal, and simply proceeded to file a federal habeas petition, he ran the distinct risk that the federal petition would be dismissed for failure to exhaust his claims in the state courts.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting:

The court holds that Jenkins's state post-conviction petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) on the basis of a purported ambiguity in Oregon law that existed at the time of filing of his petition for relief but has since been clarified. I respectfully disagree. The plain meaning of Oregon statutory law was perfectly clear, and we are bound to follow it. Accordingly, I would affirm the district court, and hold that Jenkins was not entitled to statutory tolling and that his federal petition was therefore untimely under AEDPA.

I

At issue, of course, is whether Jenkins is entitled to statutory tolling under § 2244(d)(2), thereby rendering his writ of federal habeas corpus timely. Statutory tolling applies to "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). A petition is "properly filed" within the meaning of § 2244(d)(2) if it satisfies certain procedural requirements known as "conditions to filing." *Artuz v. Bennett,* 531 U.S. 4, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Other requirements, which incorporate some aspect of the merits of the petition, are termed "conditions to obtaining relief." *Id.* Failure to comply with this latter set of requirements does

not render the petition improperly filed for purposes of § 2244(d)(2). *Id.*

In the context of Jenkins's petition for relief, we are thus confronted with the issue of whether a statute of limitations for the filing of a state petition is properly classified as a "condition to filing" or a "condition to obtaining relief." If compliance with the timeliness requirement is a "condition to filing," then Jenkins is not entitled to statutory tolling for the pendency of his state petition for relief because it was not "properly filed" pursuant to § 2244(d)(2).

In *Dictado v. Ducharme,* 244 F.3d 724, 728 (9th Cir.2001), we held that a state statute prescribing a timely filing requirement constituted a "condition to obtaining relief" if it "contain[ed] exceptions [requiring] a state court to examine the merits of a petition before it is dismissed." Accordingly, under *Dictado,* a statute of limitations is ordinarily a "condition to filing," which does not warrant statutory tolling, unless it contains a good cause exception or some similar provision that entails a review of the merits.

II

Turning to the case at hand, the Oregon statute of limitations for post-conviction petitions has two pertinent subsections. *See* Or.Rev.Stat. § 138.510. Subsection (2), applicable to would-be petitioners whose convictions became final *after* a certain date, provides for a good cause exception. Subsection (3), which applies to would-be petitioners (including Jenkins) convicted *before* the specified date, contains no such exception; it is a flat one-year time bar.

In 1992, before subsection (3) was enacted, the Oregon Supreme Court upheld the constitutionality of subsection (2). *See Bartz v. State,* 314 Or. 353, 839 P.2d 217 (1992) (en banc). In a unanimous opinion, the court stated that the limitations period for filing petitions (then 120 days, now two

years) was constitutionally permissible. The court found "that the 120 day period of limitation[,] ... which incorporates an exception in certain circumstances, does not prevent the available procedure from being reasonable for persons who seek redress." *Id.* at 225.

Extending the Oregon Supreme Court's pronouncement in *Bartz* to this case, the majority remarkably recites that it was unclear whether a good cause exception also applied to subsection (3). The majority divines that an ambiguity existed until the Oregon Court of Appeals in *Wallis v. Baldwin*, 152 Or.App. 295, 954 P.2d 192 (1998) explicitly rejected the idea that subsection (3) impliedly contains a good-cause exception like the one expressly contained in subsection (2). Because *Wallis* was decided after Jenkins's untimely petition to the Oregon courts (filed in 1996), the majority bootstraps the claim that the "clarity" that *Wallis* brought to the law does not bar Jenkins's untimely petition.

This argument might conceivably have some merit in some other circumstance, as where there was a genuine ambiguity in the state procedural rule and the record indicated that, before the clarifying decision, the state courts treated the rule as a "condition to obtaining relief" rather than a "condition to filing." However, there simply is no such ambiguity in this case. Subsection (3) required those convicted before August 5, 1989, who had not previously filed a petition for post-conviction relief, to file their petitions before November 4, 1994. That gave the petitioners over five years, which is ample for constitutional purposes, as the *Wallis* court duly recognized.

In evaluating the constitutionality of old subsection (2), the Oregon Supreme Court stated that "a reasonable time limitation may be placed on the assertion of a state constitutional claim." *Bartz,* 839 P.2d at 225. The court further stated, "The 120–day limit, when combined with the exception, provides a reasonable opportunity to seek post-conviction relief." *Id.* Accordingly, the court in *Bartz* merely decided the reasonableness of subsection (2), a legislatively enacted 120–day limit which contained a good cause exception.

Nevertheless, the majority interprets the Oregon Supreme Court's holding in *Bartz* as injecting an ambiguity into the statutory scheme such that the plain meaning of subsection (3) is to be ignored. The majority infers from *Bartz* that any time limit without an express good cause exception would be unconstitutional. Accordingly, the majority reasons that until *Wallis* was handed down subsection (3) must be read to include such an exception, even though its text contains no such thing. This interpretation of *Bartz* stretches far beyond a reasonable limit and constitutes a stunning departure from the scheme enacted by the Oregon legislature. Indeed, since subsection (3) was enacted after *Bartz,* the Oregon Legislature knew of the holding in that case and understood, presumably better than we do, the import of *Bartz.*

### III

Therefore, I must dissent from the conclusion that subsection (3) "was not an adequate state ground of decision for procedural bar purposes prior to *Wallis.*" *Supra* at 1153.[1] The text of subsection (3)

---

1. It also seems to me that the bar contained in the second sentence of § 138.510(3) posed a "condition to filing" and would deny Jenkins's claim for statutory tolling. The clear import of the statutory text is that second or successive petitions by prisoners convicted

before 1989 are absolutely barred. *See* Or. Rev.Stat. § 138.510(3) ("A person whose post-conviction petition was dismissed prior to November 4, 1993, cannot file another post-conviction petition involving the same case."). Nevertheless, I agree with the major-

is clear on its face and does not allow us to insinuate an ambiguity where none exists.

---

ity that this argument has been waived because the State disclaimed reliance—for reasons that are beyond me—on this provision at oral argument.

