**James Walter JACKSON, Petitioner—Appellant,**

v.

**Frankie Sue DEL PAPA; et al., Respondents—Appellees.**

No. 03–15677.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

James Walter Jackson, Indian Springs Conservation Camp, Indian Springs, NV, pro se.

Brian Sandoval, Esq., Office of the Nevada Attorney General, Carson City, NV, Robert E. Wieland, DAG, Office of the Attorney General, Reno, NV, for Respondent–Appellee.

Before B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

### MEMORANDUM **

James Walter Jackson, a Nevada state inmate, appeals the district court's denial on untimeliness grounds of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction over this final judgment pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm the district court's order.

We review de novo a district court's denial of a habeas petition on untimeliness grounds. *Laws v. Lamarque,* 351 F.3d 919, 922 (9th Cir.2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Jackson's § 2254 petition because it was filed after AEDPA's effective date on April 24, 1996. *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001). Jackson's conviction became final prior to AEDPA's effective date, and he therefore had one year, tolled during the pendency of his state petition for post-conviction relief, to file his § 2254 petition. *Jenkins v. Johnson,* 330 F.3d 1146, 1149 (9th Cir.2003). The one-year period expired on January 3, 2000, one year after the denial of his state petition for post-conviction relief was affirmed on appeal. *See id.* Jackson, however, did not mail his § 2254 petition to the district court until July 5, 2000.

Jackson's sole contention on appeal is that he is entitled to equitable tolling due to the incompetence of the inmate law clerks who assisted him in preparing the § 2254 petition. AEDPA's "one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (quoting *Brambles v. Duncan,* 330 F.3d 1197, 1202 (9th Cir. 2003)). We have held that an attorney's incompetence and "negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001). Furthermore, the Supreme Court has held that states are not required to provide legal assistants and law clerks to prisoners to ensure meaningful access to courts. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (concluding that there is no "freestanding right to a law library or legal assistance"). Accordingly, Jackson's bare allegation that prison law clerks misadvised him regarding the statute of limitations applicable to his § 2254 petition does not constitute "extraordinary circumstances" entitling him to equitable tolling of AEDPA's statute of limitations. *See Marsh v. Soares,* 223 F.3d 1217, 1220–21 (10th Cir.2000) (holding that incompetence of an inmate law clerk did not create "extraordinary circumstances" warranting equitable tolling).

AFFIRMED.