**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHESTER JOHNSON, | No. 04-16712 |
| Petitioner - Appellant, | D.C. No. CV-97-00558-WBS/DAD |
| v. | |
| ANTHONY NEWLAND; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; TOM L. CAREY, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued January 14, 2008
Resubmitted December 1, 2010
San Francisco, California

Before: WALLACE, HUG and SCHROEDER, Circuit Judges.

California state prisoner Chester Johnson ("petitioner") appeals from the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo the denial of a habeas

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

petition. *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir. 2007). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs our review. *Woodford v. Garceau*, 538 U.S. 202, 204, 207 (2003). Under AEDPA, we grant relief if the state court decision was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or was "an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). If a state court adjudicates the merits but does not provide its reasoning, we conduct an independent review of the record. *Greene v. Lambert*, 288 F.3d 1081, 1088-89 (9th Cir. 2002). We affirm.

Petitioner contends that the Board's 1995 decision to deny him parole violated his due process rights because it was not supported by "some evidence." A denial of parole to a prisoner must be supported by "some evidence" of the prisoner's threat to public safety. *Hayward v. Marshall*, 603 F.3d 546, 563 (9th Cir. 2010) (en banc). "Some evidence" of dangerousness includes the nature of the offense, a record of violence, an unstable social history or history of mental problems, and misconduct in jail. *Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1021 (9th Cir. 2010). The committed offense alone does not show dangerousness unless the record also shows something in the petitioner's pre- or

2

post-incarceration history, his current demeanor, or his mental state which allows for an inference of current dangerousness. *Id*.

The state court decision upholding the Board's denial of petitioner's parole was not contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner was convicted of two first degree murders. He engaged in an extended crime spree which involved multiple victims in separate incidents of violence. The aggravated nature of the crimes supports a denial. Moreover, petitioner's juvenile record, history of violence, and misconduct while in jail support a denial. *See Pirtle*, 611 F.3d at 1021.

Petitioner argues that the Board violated his due process rights by denying his request to have three non-family members testify at his 1995 recission hearing. "The prisoner's witnesses shall be called unless the Board has specific reasons to deny his request and advises the prisoner of those reasons in writing." *In re Johnson*, 35 Cal. App. 4th 160, 170 (Cal. App. 1995) (citations and internal quotation marks omitted). Here, the Board denied the request because the witnesses would have provided cumulative evidence and the witnesses had already provided letters to the Board. The Board may deny a request for dispositional witnesses if the evidence would be irrelevant or cumulative and the testimony may be presented in written form. *See* Cal. Admin. Code tit. 15, § 2668(b). Thus, the

3

state court's holding that there was no due process violation was not contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner contends that application of Cal. Penal Code § 3041.1 violated the ex post facto clause. Under § 3041.1, the Governor may request review of a parole release decision up to 90 days before the release date and once the request is made the review is mandatory. Here, § 3041.1 does not violate the ex post facto clause because it does not punish as a crime an act previously committed which was not a crime, impose a greater penalty for a crime after it was committed, or deprive one of a defense that was available at the time of the act. *See Collins v. Youngblood*, 497 U.S. 37, 52 (1990); *Johnson v. Gomez*, 92 F.3d 964, 967-68 (9th Cir. 1996). Moreover, the Board exercised its inherent authority to review the parole decision independent of § 3041.1 because the Governor's request was untimely. Because no evidence shows a violation, the state court's holding was not contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner contends that he was denied due process when he was returned to prison without a parole revocation hearing. Because petitioner filed this claim in January 2000, and under AEDPA the limitations period to file the claim expired on April 24, 1997, this claim is time-barred. *See* 28 U.S.C. § 2244(d); *Jenkins v.*

4

*Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003), *overruled on other grounds, Pace v.*

*DiGualielmo*, 544 U.S. 408 (2005).

AFFIRMED.