**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN GLENN COX, | No. 24-6842 |
| Petitioner - Appellant, | |
| v. | D.C. No. 3:23-cv-05036-TMC |
| JASON BENNETT, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington

Tiffany M. Cartwright, District Judge, Presiding

Argued and Submitted November 21, 2025
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Brian Cox appeals the district court's denial of his habeas corpus petition as

untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

"[a] 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court." 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

U.S.C. § 2244(d)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the dismissal of a habeas petition as untimely. *Ford v. Gonzalez*, 683 F.3d 1230, 1234 (9th Cir. 2012). We also review de novo whether the statute of limitations should be equitably tolled. *Id.* If there are disputed facts underlying a claim for equitable tolling, we review the district court's factual findings for clear error. *Id.* We affirm.

Under § 2244(d)(1)(A), AEDPA's one-year limitations period begins running from the date petitioner's judgment became final. 28 U.S.C. § 2244(d)(1)(A). The parties dispute whether Cox's judgment became final on December 9, 2016, or December 22, 2016, but his petition was untimely using either date.

Cox's petition was untimely even if his judgment became final on December 22, 2016. Cox filed for state postconviction relief on December 19, 2017, only three days before AEDPA's limitations period expired. Therefore, Cox had three days to file his habeas petition after the Washington Supreme Court summarily denied review of his claims on January 4, 2023. *See* 28 U.S.C. § 2244(d)(2). Cox filed his petition six days later, three days outside of AEDPA's limitations period. *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010); *Jenkins v. Johnson*,

2

330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruled on other grounds by*, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Cox is not entitled to a later accrual date under 28 U.S.C. § 2244(d)(1)(D). Under that section, AEDPA's limitations period begins running from when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only "if vital facts could not have been known"'" by the date the appellate process ended." *Ford*, 683 F.3d at 1235 (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)). Cox could have discovered the factual predicate for his claims during his February 2014 trial when he heard extensive testimony concerning whether a witness received a plea deal for testifying against him.

Cox is not entitled to equitable tolling because he did not diligently pursue his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (noting that a habeas petitioner seeking equitable tolling must have pursued his rights diligently). Although Cox heard trial testimony in February 2014 suggesting that a state witness may have received a plea deal, he did not investigate the witness's involvement in his case until over three years later.

**AFFIRMED.**