Argued and submitted May 12; judgment of circuit court affirmed in part and reversed in part, and case remanded to circuit court for further proceedings December 30, 2022

BETHANIE J. JONES,
aka Bethanie Joanne Jones,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

(CC 20CV02495) (CA A175780) (SC S068824)

523 P3d 82

Petitioner sought post-conviction relief, raising various claims of inadequate assistance of counsel and a claim that three of her seven convictions had been entered in violation of the constitutional rule in *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that the Sixth Amendment prohibits conviction of a crime by a nonunanimous verdict. The post-conviction court denied relief and held, with respect to the claim that directly relied on the constitutional jury unanimity rule announced in *Ramos*, that that rule was inapplicable to petitioner's convictions because his convictions already were final when *Ramos* was decided. Petitioner appealed and her appeal was certified to the Supreme Court under ORS 19.405, along with two other similar cases, *Watkins v. Ackley*, (A176245)(S068825), and *Huggett v. Kelly* (A174444)(S068823). *Held*: (1) Under the Court's analysis and decision in *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), the post-conviction court had erred in denying relief on petitioner's three convictions that were entered on nonunanimous verdicts, because a conviction that violates the *Ramos* jury unanimity rule, even if it became final before that rule was announced, constitutes a "substantial denial" of a constitutional right which "rendered the conviction[s] void," and thus requires post-conviction relief under ORS 138.530(1)(a)—unless one of the procedural defenses in the Post-Conviction Hearings Act has been raised and sustained; (2) petitioner's other post-conviction claims were either properly denied or moot in light of the Court's decision respecting the claim that directly relied on the constitutional rule announced in *Ramos*.

The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

On certification from the Court of Appeals under ORS 19.405.* Certification accepted and under advisement on September 16, 2021.

_____
 * On appeal from the Washington County Circuit Court, Patricia A. Sullivan, Judge.

Jedediah Peterson, O'Connor Weber LLC, Portland, argued the cause and filed the briefs for appellant.

Rebecca M. Auten, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. Also on the brief were Ellen Rosenblum, Attorney General, Benjamin Gutman, Solicitor General.

Rosalind M. Lee, Portland, filed the brief for *amicus curiae* Oregon Criminal Defense Lawyers Association.

Aliza Kaplan, Portland, filed the brief for *amicus curiae* Criminal Justice Reform Clinic at Lewis & Clark Law School. Also on the brief were Michaela C. Gore, Laney B. Ellisor, Colin Bradshaw, and Bijal Patel.

Anna Sortun, Portland, filed the brief for *amici curiae* Latino Network, Don't Shoot Portland, NAACP Corvallis-Albany Branch #1118, NAACP Eugene-Springfield Branch #1119, NAACP Salem-Keizer Branch #1166, NAACP Portland Chapter 1120B, Black Millennial Movement, Unite Oregon, Immigrant and Refugee Community Organization, and Urban League of Portland.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan, Nelson, and Garrett, Justices, and Baldwin, Senior Judge, Justice pro tempore.**

BALMER, J.

The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

_____

** DeHoog, J., did not participate in the consideration or decision of this case.

**BALMER, J.**

Petitioner sought post-conviction relief on the ground that three of seven criminal convictions that resulted from her 2015 jury trial had been based on nonunanimous guilty verdicts and thus violated the rule announced in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that the Sixth Amendment prohibits conviction of a crime by a nonunanimous verdict.[1] The post-conviction court denied relief on that claim, holding that the *Ramos* rule was inapplicable to the challenged convictions because those convictions already were final when *Ramos* was decided. Petitioner appealed the denial of that claim, and the appeal was certified to this court, along with two other post-conviction appeals, *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), and *Huggett v. Kelly*, 370 Or 645, 523 P3d 84 (2022) (both decided this day), that raise similar questions about whether and how a conviction that was based on a nonunanimous guilty verdict can be challenged, based on *Ramos*, in a post-conviction proceeding.

Our decision in *Watkins* resolves the present claim of error. In *Watkins*, the petitioner's sole claim on appeal was that the post-conviction court had erred in denying relief for convictions that were entered in violation of the jury unanimity requirement recognized in *Ramos*, based on its conclusion that the rule of *Ramos* did not apply "retroactively" to convictions that already were final when the *Ramos* decision issued. We concluded that the post-conviction court's reasoning was incorrect—that a conviction that violates the *Ramos* jury unanimity rule, even if it became final before that rule was announced, constitutes a "substantial denial" of a constitutional right which "rendered the conviction[s] void," and thus requires post-conviction relief under ORS 138.530(1)(a)—unless one of the procedural defenses in the Post-Conviction Hearings Act has been raised and sustained. *Watkins*, 370 Or at 607.

---

[1] In her 2015 trial, petitioner was convicted of first-degree assault with a firearm (Count 1), second-degree assault with a firearm (Count 2), and unlawful use of a weapon (firearm) (Count 3), by nonunanimous (11-1) verdicts; as well as four counts of reckless endangerment (Counts 4-7) by unanimous verdicts. Those convictions became final in 2019, after this court denied petitioner's petition for review of the Court of Appeals' decision affirming her convictions. *State v. Jones*, 296 Or App 553, 439 P3d 485, *rev den*, 365 Or 557 (2019).

Like the petitioner in *Watkins*, petitioner here argues that the post-conviction court erred in denying relief for her convictions that had been entered in violation of the *Ramos* jury unanimity rule on the ground that that rule does not apply retroactively. *Watkins* establishes that petitioner is correct that the post-conviction court's reasoning was erroneous. In the absence of any argument by the state that the post-conviction court's decision was correct for some other reason, we conclude that the post-conviction court erred in denying relief as to petitioner's three convictions that were entered on nonunanimous verdicts.[2]

The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

---

[2] In her appeal, petitioner also challenges the post-conviction court's denial of relief on her claims that trial counsel had been constitutionally inadequate in four respects: first, in failing to object to certain comments by the prosecutor that indicated that petitioner had invoked her rights to counsel and to remain silent; second, in failing to object to certain comments by the prosecutor that indicated that petitioner had invoked her right to counsel; third, in failing to object to the three nonunanimous guilty verdicts; and fourth, in failing to object to jury instructions regarding the permissibility of nonunanimous guilty verdicts. We reject without discussion petitioner's challenge to the post-conviction court's denial of relief on the first two of those inadequate assistance of counsel claims (which in theory might have implicated all seven of her convictions, rather than just the three that resulted from nonunanimous verdicts). We do not address petitioner's challenge to the denial of the other two inadequate assistance of counsel claims because our present decision that petitioner is entitled to relief on her claim that directly implicates the three convictions that were based on nonunanimous verdicts, renders those challenges moot.