Argued and submitted May 12; judgment of circuit court reversed, and case remanded to circuit court for further proceedings December 30, 2022

## TROY KEVIN HUGGETT,
*Petitioner-Appellant,*

*v.*

## Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

### (CC 18CV50891) (CA A174444) (SC S068823)

523 P3d 84

Petitioner sought post-conviction relief, raising various claims of inadequate assistance of counsel and a claim that his two convictions had been entered in violation of the constitutional rule in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that the Sixth Amendment prohibits conviction of a crime by a nonunanimous verdict. The post-conviction court denied relief and held, with respect to the claim that directly relied on the constitutional jury unanimity rule announced in *Ramos*, that that rule was inapplicable to petitioner's convictions because his convictions already were final when *Ramos* was decided. Petitioner appealed and her appeal was certified to the Supreme Court under ORS 19.405, along with two other similar cases, *Watkins v. Ackley*, (A176245)(S068825), and *Jones v. Brown*, (A175780)(S068824). *Held*: (1) Under the Court's analysis and decision in *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), the post-conviction court erred in denying relief on petitioner' convictions, which were entered on nonunanimous verdicts, because a conviction that violates the *Ramos* jury unanimity rule, even if it became final before that rule was announced, constitutes a "substantial denial" of a constitutional right which "rendered the conviction[s] void," and thus requires post-conviction relief under ORS 138.530(1)(a)—unless one of the procedural defenses in the Post-Conviction Hearings Act has been raised and sustained; (2) petitioner's other post-conviction claims were moot in light of the Court's decision respecting the claim that directly relied on the constitutional rule announced in *Ramos*.

The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

On certification from the Court of Appeals under ORS 19.405.* Certification accepted and under advisement on September 16, 2021.

Jedediah Peterson, O'Connor Weber LLC, Portland, argued the cause and filed the briefs for appellant.

_____

* On appeal from the Marion County Circuit Court, J. Burdett Pratt, Senior Judge.

Rebecca M. Auten, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. Also on the brief were Ellen Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General.

Andy Simrin, Andy Simrin PC, Portland, filed the brief for *amicus curiae* Russell Shelley.

Rosalind M. Lee, Portland, filed the brief for *amicus curiae* Oregon Criminal Defense Lawyers Association.

Aliza Kaplan, Portland, filed the brief for *amicus curiae* Criminal Justice Reform Clinic at Lewis & Clark Law School. Also on the brief were Michaela C. Gore, Laney B. Ellisor, Colin Bradshaw, and Bijal Patel.

Anna Sortun, Portland, filed the brief for *amici curiae* Latino Network, Don't Shoot Portland, NAACP Corvallis-Albany Branch #1118, NAACP Eugene-Springfield Branch #1119, NAACP Salem-Keizer Branch #1166, NAACP Portland Chapter 1120B, Black Millennial Movement, Unite Oregon, Immigrant and Refugee Community Organization, and Urban League of Portland.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan, Nelson, and Garrett, Justices, and Baldwin, Senior Judge, Justice pro tempore.**

BALMER, J.

The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____

** DeHoog, J., did not participate in the consideration or decision of this case.

**BALMER, J.**

This appeal from a post-conviction court's denial of a petition for post-conviction relief was certified to this court, along with *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), and *Jones v. Brown*, 370 Or 649, 523 P3d 82 (2022) (both decided this day), to allow consideration of an important issue relating to Oregon's longstanding practice, sanctioned by Article I, section 11, of the Oregon Constitution, of allowing defendants to be convicted of most crimes by a nonunanimous jury verdict.[1] Like the petitioners in those two cases, petitioner in the present case was convicted of multiple crimes by nonunanimous guilty verdicts, at a time when such convictions in state proceedings were thought to be permissible under the United States Constitution, *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed2d 184 (1972), and like those other petitioners, his convictions became final before the United States Supreme Court announced, in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that, in fact, the Sixth Amendment prohibits conviction by a nonunanimous jury even in state criminal proceedings.[2] Petitioner here sought post-conviction relief from those convictions, based in part on claims of constitutional error rooted in the Sixth Amendment jury unanimity rule announced in *Ramos*—as did the petitioners in *Watkins* and *Jones*. In each of the three cases, the petition for post-conviction relief was denied, and the petitioner's appeal was certified to this court by the Court of Appeals.

Of the three cases, we selected *Watkins* as the lead, largely because, unlike *Jones* and the present case, it raised

---

[1] Article I, section 11, of the Oregon Constitution provides, in part:

"[P]rovided, however, that in the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by a unanimous verdict, and not otherwise; provided further, that the existing laws and constitutional provisions relative to criminal prosecutions shall be continued and remain in effect as to all prosecutions for crimes committed before the taking effect of this amendment."

[2] In 2016, petitioner was convicted by nonunanimous guilty verdicts of second-degree and third-degree assault. Those convictions became final in 2018, after this court denied petitioner's petition for review of the Court of Appeals decision affirming his convictions. *State v. Huggett*, 291 Or App 448, 416 P3d 1111 (2016), *rev den*, 363 Or 599 (2018).

a single claim of error—that the post-conviction court had erred in denying relief on the petitioner's claim that his convictions were obtained in violation of the Sixth Amendment jury unanimity rule announced in *Ramos*, based on its conclusion that that newly announced constitutional rule did not apply "retroactively." In *Watkins*, we reversed the post-conviction court's denial of relief on that "standalone" claim of error based on *Ramos*—after noting that the state had not attempted to defend the post-conviction court's ruling on any ground other than that *Ramos* does not apply retroactively. We concluded that the post-conviction court's reasoning was incorrect and that a conviction that violates the *Ramos* jury unanimity rule, even if it became final before that rule was announced, constitutes a "substantial denial" of a constitutional right and "renders the conviction void"— and requires post-conviction relief under ORS 138.530(1)(a), unless one of the procedural defenses in the Post-Conviction Hearings Act has been raised and sustained. *Watkins*, 370 Or at 607.

Petitioner in the present case included a claim of error in his petition that is identical to the claim of error on which the petitioner prevailed in *Watkins*, and, in opposing that claim, the state relied on the same arguments that it had relied on in *Watkins*; it did not raise any of the procedural defenses set out in the Post-Conviction Hearings Act or attempt to defend the post-conviction court's denial of the claim on any other ground. Petitioner here is entitled to post-conviction relief on that claim for the same reason that the petitioner in *Watkins* was entitled to relief, meaning that the post-conviction court's denial of relief must be reversed.[3]

The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[3] Although petitioner here also argued that the post-conviction court had erred in denying his claims that trial counsel provided constitutionally ineffective assistance by failing to object to the nonunanimous guilty verdicts and by failing to request a jury concurrence instruction with respect to petitioner's liability as a principal or for aiding and abetting, the relief that must be granted on remand on petitioner's standalone *Ramos* claim renders those other claims moot.