Submitted September 26, 2022, reversed and remanded February 8, 2023

SARA MARIE MARSHALL,
*Petitioner-Appellant,*

*v.*

Paula MYERS,
Superintendent,
Coffee Creek Correctional Facility,
*Defendant-Respondent.*

Washington County Circuit Court
19CV14665; A174886

524 P3d 992

Petitioner appeals a post-conviction judgment denying relief. Petitioner has felony convictions that are based on nonunanimous jury verdicts, under a judgment of conviction that became final before the United States Supreme Court decided *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Petitioner sought post-conviction relief, raising standalone *Ramos* claims, as well as two claims alleging ineffective assistance of counsel. The post-conviction court denied relief on the standalone *Ramos* claims on the basis that *Ramos* is not retroactive. *Held*: In light of the Oregon Supreme Court's recent decision in *Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022), regarding the retroactivity of *Ramos* as relevant to post-conviction relief, the post-conviction court erred in denying relief on petitioner's standalone *Ramos* claims, and petitioner is entitled to relief on those claims. That disposition makes it unnecessary to address petitioner's other assignments of error regarding her ineffective-assistance claims.

Reversed and remanded.

Patricia A. Sullivan, Senior Judge.

Jason Weber and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1397, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth Amendment right to a jury trial, as applicable to the states under the Fourteenth Amendment, requires a unanimous verdict to support a conviction for a serious offense. Petitioner has four felony convictions for second-degree sexual abuse that are based on nonunanimous jury verdicts, under a judgment of conviction that became final before *Ramos* was decided. Petitioner filed a petition for post-conviction relief, which, as relevant here, included claims that criminal trial counsel gave ineffective assistance with respect to the nonunanimous-verdict instruction and the nonunanimous verdicts (first claim); that criminal appellate counsel gave ineffective assistance in failing to pursue the nonunanimity issues on direct appeal (fourth claim); and standalone *Ramos* claims (second and third claims). The post-conviction court denied relief. Petitioner appeals.

The Oregon Supreme Court has recently issued several decisions addressing the retroactivity of *Ramos* as relevant to post-conviction relief. Most significantly, in *Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022), the court held:

> "[W]e now hold that, when a petitioner seeks post-conviction relief, on Sixth Amendment grounds, from a judgment of conviction which was based on a nonunanimous verdict and which became final before the Supreme Court's *Ramos* decision issued, the petitioner is entitled to relief—assuming that none of the procedural defenses in the Post-Conviction Hearings Act have been raised and sustained. That is so because convicting a defendant on a nonunanimous jury verdict amounts to a 'substantial denial in the proceedings resulting in petitioner's conviction *** of petitioner's rights under the Constitution of the United States *** which denial rendered the conviction void,' for which post-conviction relief 'shall be granted.' ORS 138.530(1)(a)."

(Ellipses in *Watkins*; footnote omitted.)

In this case, the state has made the same retroactivity arguments that the Supreme Court rejected in *Watkins*. The state has not put at issue in this case any of

the "procedural defenses in the Post-Conviction Hearings Act." *Id*. Accordingly, applying *Watkins*, we conclude that the post-conviction court erred when it denied petitioner's second and third claims for post-conviction relief—her standalone *Ramos* claims—based on *Ramos* not being retroactive.[1] We remand for entry of a judgment granting relief on those claims.

Given our disposition, we do not address petitioner's other assignments of error regarding her post-conviction claims of ineffective assistance of counsel. *See Huggett v. Kelly*, 370 Or 645, 648 & n 3, 523 P3d 84 (2002) (relying on *Watkins* to reverse the denial of post-conviction relief, based on a standalone *Ramos* claim, and explaining that "the relief that must be granted on remand on petitioner's standalone *Ramos* claim" rendered "moot" his other post-conviction claims, in which he claimed "that trial counsel provided constitutionally ineffective assistance by failing to object to the nonunanimous guilty verdicts and by failing to request a jury concurrence instruction").

Reversed and remanded.

---

[1] We apply the law in effect at the time of our decision on appeal, which leads us to say that the post-conviction court "erred," even if it properly applied the law in effect at the time of its ruling. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).