Submitted April 1, 2022; reversed and remanded as to petitioner's sixth post-conviction claim, otherwise affirmed March 29, 2023

REGINALD DRESHAWN MANNING,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
18CV38259; A174690

528 P3d 311

Petitioner appeals from the judgment denying him post-conviction relief related to six convictions—three that were based upon nonunanimous jury verdicts and three that were based upon unanimous jury verdicts, all of which became final before the United States Supreme Court decided *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Petitioner sought post-conviction relief, raising standalone *Ramos* claims, two claims alleging ineffective assistance of counsel with respect to jury unanimity issues, and two claims alleging ineffective assistance of counsel with respect to witness vouching and cumulative error. The post-conviction court denied relief on the standalone *Ramos* claims on the basis that *Ramos* is not retroactive. It also denied all other relief requested by petitioner. *Held*: In light of the Oregon Supreme Court's recent decision in *Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022), that *Ramos* applies retroactively to claims for post-conviction relief, the post-conviction court erred in denying relief on petitioner's standalone *Ramos* claims, and petitioner is entitled to relief on those claims. Resolution of petitioner's standalone claim renders all other challenges moot as to those counts on which he was convicted by nonunanimous verdicts. As to those counts on which petitioner was convicted by unanimous verdicts, the post-conviction court did not err because petitioner was not entitled to relief. The testimony at issue did not constitute vouching, and thus, the decision not to object was reasonable. The claim based on a cumulative error theory was rejected.

Reversed and remanded as to petitioner's sixth post-conviction claim; otherwise affirmed.

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Aliza Kaplan, Michaela C. Gore, Laney B. Ellisor, Colin Bradshaw, Certified Law Student, and Bijal Patel, Certified Law Student, filed the brief *amicus curiae* for Criminal Justice Reform Clinic at Lewis & Clark Law School.

Anna Sortun and Tonkon Torp LLP filed the brief *amicus curiae* for Latino Network, Don't Shoot Portland, NAACP Corvallis-Albany Branch #1118, NAACP Eugene-Springfield Branch #1119, NAACP Salem-Keizer Branch #1166, NAACP Portland Chapter 1120B, Black Millennial Movement, Unite Oregon, Immigrant and Refugee Community Organization, and Urban League of Portland.

Rosalind M. Lee filed the brief *amicus curiae* for Oregon Criminal Defense Lawyers Association.

Andy Simrin and Andy Simrin PC filed the brief *amicus curiae* for Russell Shelley.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded as to petitioner's sixth post-conviction claim; otherwise affirmed.

**MOONEY, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief, raising five assignments of error. In the underlying criminal case, petitioner was convicted after a jury trial of three counts of compelling prostitution (Counts 1, 3, and 5), ORS 167.017, after nonunanimous verdicts of the jury, and three counts of promoting prostitution (Counts 2, 4, and 6), ORS 167.012, after unanimous verdicts of the jury. Petitioner filed a petition for post-conviction relief and, in his second amended petition, alleged nine claims for relief. The post-conviction court denied petitioner's claims.

On appeal, petitioner raises five assignments of error. The first three of those assignments concern petitioner's claims for post-conviction relief in which he alleged that his criminal trial counsel provided him with ineffective assistance with respect to jury unanimity issues (fourth and fifth post-conviction claims) and a standalone claim that his convictions were obtained in violation of the Sixth Amendment jury unanimity rule announced in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (sixth post-conviction claim). The superintendent concedes that the post-conviction court erred in its conclusion that *Ramos* does not apply retroactively and that we should reverse and remand this matter for further proceedings concerning Counts 1, 3, and 5. Relying on *Jones v. Brown*, 370 Or 649, 652 n 2, 523 P3d 82 (2022), the superintendent nevertheless asks us to affirm the post-conviction court's denial of relief on petitioner's third and ninth claims for post-conviction relief (fourth and fifth assignments of error on appeal) because "resolution of [those] claims for relief could implicate all petitioner's convictions, including those that arose from unanimous verdicts[.]"

The Oregon Supreme Court recently concluded that a conviction obtained in violation of the jury unanimity rule constitutes a "substantial denial" of a constitutional right and "renders the conviction void"—even when the conviction became final before the unanimity rule was announced—and requires post-conviction relief under ORS 138.530(1)(a), unless a procedural defense in the Post-Conviction Hearings

Act (PCHA) has been successfully raised and sustained. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Because petitioner was denied his constitutional right to a conviction that was based on a unanimous verdict on Counts 1, 3, and 5, as the superintendent concedes, and because the superintendent has not raised any of the procedural defenses set out in the PCHA, we agree that it was error for the post-conviction court to deny petitioner relief based on his sixth claim for relief. *See Marshall v. Myers*, 324 Or App 126, 524 P3d 992 (2023) (holding same). Resolution of petitioner's standalone claim renders all other challenges moot as to Counts 1, 3, and 5. *See Huggett v. Kelly*, 370 Or 645, 648 n 3, 523 P3d 84 (2022) (relying on *Watkins* to reverse the denial of post-conviction relief for nonunanimous jury verdicts on multiple counts, and concluding that it was, therefore, not necessary to address petitioner's other claims on those counts because the claims were moot).

Defendant was convicted by unanimous verdict on three counts, Counts 2, 4, and 6, so we turn to petitioner's fourth and fifth assignments of error, both of which are unrelated to the jury unanimity rule and neither of which have been rendered moot by our resolution of the standalone claim. *See Jones*, 370 Or at 652 n 2 (relying on *Watkins* to reverse the denial of post-conviction relief with respect to those convictions that had been reached by nonunanimous jury verdicts, while rejecting various other assignments with respect to those convictions reached by unanimous jury verdicts).

We review the denial of post-conviction relief for legal error, and we are bound by the post-conviction court's factual findings when they are supported by evidence in the record. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In his fourth assignment, petitioner asserts that the post-conviction court erred in denying his third post-conviction claim that trial counsel was ineffective when counsel failed to object to improper vouching testimony. "Vouching" is the expression of one's personal opinion about the credibility of a witness. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). Witnesses are not permitted to give vouching testimony. *Id.* That prohibition is designed to

serve "the policy goals of ensuring that the jury remains the sole arbiter of witness credibility and that the jury's role in assessing witness credibility is not usurped by another witness's opinion testimony." *State v. Chandler*, 360 Or 323, 330, 380 P3d 932 (2016). Whether testimony constitutes improper vouching is a legal question, *State v. Smith*, 309 Or App 268, 282, 482 P3d 174 (2021), and each statement must be considered in the context in which it was made, *Sperou*, 365 Or at 128.

At issue is Detective Opitz's testimony that, when he first contacted the victim, she "wasn't very cooperative," she was "very closed," and she was "very guarded." He also testified that, as the investigation progressed, the victim became more "cooperative" and "open" as she answered all his questions. Opitz further testified that in his experience, sex-trafficking victims tend to be uncooperative at first. They tend "to have deception or you're going to have— usually you're going to have victims that aren't going to tell the truth." As the investigation proceeds, however, "the victim will come full circle," and begin to cooperate. Defendant argues that that testimony amounts to vouching. The post-conviction court concluded that the detective's testimony was not vouching and, therefore, that trial counsel had not been ineffective in not objecting to it.

The post-conviction court did not err. Opitz did not offer his opinion that the victim was or was not telling the truth. At most, he offered testimony about the dynamics of sex-trafficking investigations that might have been helpful to the jury in reaching its own determination about the victim's credibility, but he did not testify either directly or indirectly that the victim was or was not credible. *See State v. Middleton*, 294 Or 427, 436-37, 657 P2d 1215 (1983) (court held that, although no witness may give an opinion on whether he believes a witness is telling the truth, an expert may testify generally about the dynamics of recantation and he may give his opinion as to whether the victim's conduct was consistent with that dynamic); *State v. Remme*, 173 Or App 546, 558, 23 P3d 374 (2001) ("[I]t is one thing to educate the jury about an unusual phenomenon bearing on credibility, but it [is] quite another to 'connect the dots' explicitly

\*\*\*. \*\*\* At least the last 'dot' must be left 'unconnected.'"). Opitz did not vouch for the victim's credibility. There was no vouching testimony to which petitioner's counsel should have objected. Petitioner has, thus, not demonstrated that his lawyer failed to exercise objectively reasonable professional skill and judgment by not raising a vouching objection. *Davis v. Cain*, 304 Or App 356, 363, 467 P3d 816 (2020); *see also Mandell v. Cain*, 315 Or App 471, 473, 500 P3d 762 (2021) (concluding that trial counsel's lack of vouching objection was reasonable given that testimony was not vouching and therefore the petitioner was not prejudiced by the omission of any such objection). The post-conviction court did not err in denying relief as to petitioner's third post-conviction claim.

Petitioner's fifth assignment of error is based on a cumulative error theory. Oregon courts have yet to recognize such a theory and we accordingly reject that assignment. *Monica v. Myers*, 319 Or App 376, 386-87, 510 P3d 238 (2022).

Reversed and remanded as to petitioner's sixth post-conviction claim; otherwise affirmed.