On petition for review filed January 5,* considered and under advisement on February 28; petitioner's petition for review allowed, decision of Court of Appeals vacated, case remanded to circuit court for further proceedings March 30, 2023

ARTURO GUERRERO-PEREZ,
*Petitioner on Review,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Respondent on Review.*

(CC 19CV50887) (CA A175504) (SC S069865)

525 P3d 1237

Petitioner sought post-conviction relief from his convictions, raising, among other claims, a claim that all three convictions had been entered in violation of the constitutional rule announced in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that the Sixth Amendment prohibits conviction of a crime by a nonunanimous verdict. The post-conviction court denied relief and the Court of Appeals affirmed. Petitioner petitioned for review, and his petition was held in abeyance pending decisions in two similar cases involving nonunanimous guilty verdicts that the Court of Appeals had certified to the Supreme Court, *Huggett v. Kelly*, 370 Or 645, 523 P3d 84 (2022) and *Jones v. Brown*, 370 Or 649, 523 P3d 82 (2022). A third similar case, *Watkins v. Ackley*, 370 Or 604, 523 P3d 604 (2022), was later also certified to the Supreme Court. The Court ultimately decided, in each of the certified cases, that the post-conviction court had erred in denying relief on the petitioners' convictions, which had been entered on nonunanimous verdicts, because a conviction that violates the *Ramos* jury unanimity rule, even if it became final before that rule was announced, constitutes a "substantial denial" of a constitutional right which "rendered the conviction[s] void," and thus requires post-conviction relief under ORS 138.530(1)(a)—unless one of the procedural defenses in the Post-Conviction Hearings Act has been raised and sustained. *Held*: Petitioner is entitled to post-conviction relief, based on *Ramos,* on each of his convictions, for the same reasons that the petitioners in *Watkins*, *Huggett*, and *Jones* were entitled to post-conviction relief from their convictions, and because petitioner is entitled to that relief, his other claims for post-conviction relief are moot.

Petitioner's petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the circuit court for further proceedings.

En Banc

_____

* Appeal from Marion County Circuit Court, Patricia A. Sullivan, Senior Judge. 322 Or App 383, 518 P3d 155 (2022).

Jedediah Peterson, O'Connor Weber LLC, Portland, filed the petition for petitioner on review.

No appearance *contra*.

PER CURIAM.

Petitioner's petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the circuit court for further proceedings.

## PER CURIAM

Petitioner seeks review of the Court of Appeals' decision, *Guerrero-Perez v. Kelly*, 322 Or App 383, 518 P3d 155 (2022), which affirmed the circuit court's denial of his petition for post-conviction relief. Among other claims, petitioner asserts that, in the underlying criminal case, his right to a jury trial under the Sixth Amendment to the United States Constitution was violated when, on each of the charges against him, he was convicted based on nonunanimous jury verdicts. Petitioner bases his argument on *Ramos v. Louisiana*, in which the United States Supreme Court held that the Sixth Amendment prohibits convictions based on nonunanimous jury verdicts. 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020).

We held petitioner's petition for review in abeyance pending decisions in *Huggett v. Kelly*, 370 Or 645, 523 P3d 84 (2022), and *Jones v. Brown*, 370 Or 649, 523 P3d 82 (2022). In those cases, the state argued that *Ramos* did not apply retroactively; in other words, the state argued that persons whose convictions were final before *Ramos* issued could not obtain post-conviction relief based on *Ramos*. This court rejected that argument in *Watkins v. Ackley*, 370 Or 604, 523 P3d 604 (2022), which was decided the same day as *Huggett* and *Jones*. In *Watkins*, this court held that, when a petitioner establishes that their conviction was based on a nonunanimous jury verdict, the petitioner is entitled to post-conviction relief (at least in cases like *Watkins*, *Huggett*, *Jones*, and this one, where the state has not raised, much less proven, any of the procedural defenses in the Post-Conviction Hearings Act). 370 Or at 633; *see also Huggett*, 370 Or at 648 (following *Watkins*); *Jones*, 370 Or at 651 (same).

Because the parties' arguments regarding petitioner's *Ramos* claim in this case are the same as in *Watkins*, we hold that petitioner is entitled to post-conviction relief on each of his convictions. Given that holding, petitioner's other claims for post-conviction relief are moot. *See Huggett*, 370 Or at 648 n 3 (so holding regarding the petitioner's claims that his counsel provided constitutionally inadequate representation in connection with convictions based on nonunanimous verdicts).

Petitioner's petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the circuit court for further proceedings.