***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 10; reversed and remanded as to Counts 1, 3, 4, 7, 8, 9, 15,
and 16, otherwise affirmed April 19, petition for review denied
August 31, 2023 (371 Or 332)

## MICHAEL ALEX ISSAC,
*Petitioner-Appellant,*

*v.*

## Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
18CV19090; A176533

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Reversed and remanded as to Counts 1, 3, 4, 7, 8, 9, 15, and 16; otherwise affirmed.

**KAMINS, J.**

Petitioner appeals from a general judgment granting one of his claims for post-conviction relief but denying the remainder. He raises five assignments of error, four of which assert that trial counsel was inadequate under Article I, section 11, of the Oregon Constitution and ineffective under the Sixth and Fourteenth Amendments to the United States Constitution. The fifth assignment of error alleges that his convictions by nonunanimous verdicts violated the federal constitution under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We reverse and remand in part, and otherwise affirm.

The state concedes, and we agree, that under *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), we must reverse and remand for further proceedings concerning petitioner's convictions for Counts 1, 3, 4, 7, 8, 9, 15, and 16, because the jury verdicts were not unanimous. Petitioner's third and fourth assignments of error are rendered moot, because they asserted *Ramos*-related claims of inadequate assistance. *See Huggett v. Kelly*, 370 Or 645, 648 n 3, 523 P3d 84 (2022) (determining that granting relief on the petitioner's standalone *Ramos* claim rendered moot his claims that trial counsel was ineffective by failing to object to the nonunanimous guilty verdicts and by failing to request a jury concurrence instruction).

Petitioner's first two assignments of error raise challenges to trial counsel's performance which could potentially implicate his unanimous verdicts, and so we turn to address them. In his first assignment of error, petitioner argues that trial counsel was inadequate and ineffective in failing to object to leading questions by the prosecutor. We reject that claim, because counsel's strategic choice was a reasonable one and petitioner has not established prejudice. *See Behrle v. Taylor*, 307 Or App 126, 132-33, 476 P3d 475 (2020), *rev den*, 367 Or 709 (2021) (absent evidence that the witness might have said something more advantageous to the petitioner or that had a tendency to affect the verdict, the petitioner did not prove that he was prejudiced by trial counsel's failure to object to leading questions).

Petitioner's second assignment of error asserts that trial counsel was inadequate and ineffective in failing to properly argue for a judgment of acquittal specific to the witness-tampering charges. Because the evidence at trial was sufficient to support a finding that petitioner engaged in witness tampering as alleged, petitioner has not demonstrated that there is a likelihood that a different argument would have led to an acquittal. *See Torres v. Persson*, 305 Or App 466, 472 n 4, 471 P3d 119 (2020), *rev den*, 367 Or 535 (2021) (where evidence was sufficient such that any motion for judgment of acquittal would have been denied, the petitioner was not prejudiced by the failure to make such a motion).

Reversed and remanded as to Counts 1, 3, 4, 7, 8, 9, 15, and 16; otherwise affirmed.