*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted March 10, reversed and remanded for further proceedings as to *Ramos*-based theories, otherwise affirmed May 3, 2023

SHAWN ANTHONY SMITH,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV20913; A177219

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Reversed and remanded for further proceedings as to *Ramos*-based theories; otherwise affirmed.

**KAMINS, J.**

Petitioner appeals from a general judgment denying his claims for post-conviction relief (PCR), raising four assignments of error. Petitioner challenges his 2015 convictions for first-degree rape (Count 1), four counts of first-degree sodomy (Counts 2-5), three counts of fourth-degree assault (Counts 6-8), and coercion (Count 10).[1] We reverse and remand in part, and otherwise affirm.

The first assignment of error asserts that trial counsel was inadequate under Article I, section 11, of the Oregon Constitution, and ineffective under the Sixth and Fourteenth Amendments to the United States Constitution, in failing to ensure that petitioner signed a written waiver prior to trial before a judge who had previously presided over settlement discussions. *See* ORS 135.432(5) ("With the consent of the parties and upon receipt of a written waiver executed by the defendant, the trial judge may participate in plea discussions."). We conclude that the PCR court did not err in determining that petitioner had not proven prejudice as a result of trial counsel's omission. *See Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) ("A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them."); *id.* at 322 (holding that a post-conviction petitioner must demonstrate "more than a mere possibility, but less than a probability" of a different result but for trial counsel's inadequate assistance).

The remaining assignments of error relate to nonunanimous jury instructions. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that nonunanimous verdicts for serious offenses violate the Sixth Amendment to the United States Constitution). The second and third assignments of error argue that the PCR court erred in denying petitioner's stand-alone *Ramos* claim. The state concedes, and we accept its concession, that we should reverse and remand for further proceedings concerning petitioner's convictions for Counts 1 through 5, because there is an unresolved factual question as to whether those

---

[1] Petitioner was acquitted of Count 9.

convictions were unanimous. *See Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022) (holding that petitioners are entitled to relief when their pre-*Ramos* conviction was based on a nonunanimous verdict). That disposition obviates the need to address petitioner's fourth assignment of error, which asserts that trial counsel provided inadequate assistance by failing to object to the nonunanimous jury instructions. *See Huggett v. Kelly*, 370 Or 645, 648 n 3, 523 P3d 84 (2022) (determining that granting relief on the petitioner's stand-alone *Ramos* claim rendered moot his claims that trial counsel was ineffective by failing to object to the nonunanimous guilty verdicts and by failing to request a jury concurrence instruction).

Reversed and remanded for further proceedings as to *Ramos*-based theories; otherwise affirmed.