812                    July 9, 2025                    No. 625

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HASSAN MOHAMEDHAJI NOOR,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV14452; A180849

J. Burdette Pratt, Senior Judge.

Submitted May 28, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief (PCR) from multiple convictions stemming from the sexual abuse of several children, including his daughter. He argues that his trial counsel was ineffective for failing to object to testimony that, in his view, amounted to impermissible vouching. Reviewing for legal error and accepting the court's implicit and explicit factual findings, provided that there is evidence to support them, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

To obtain post-conviction relief on an ineffective assistance of counsel claim under the state and federal constitutions, petitioner must demonstrate (1) that counsel failed to exercise "reasonable professional skill and judgment," and (2) that petitioner "suffered prejudice as a result." *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal standards for reviewing ineffective assistance of counsel claims are "functionally equivalent").

In his first assignment of error, petitioner contends that the PCR court erred in denying his claim that trial counsel was constitutionally ineffective in failing to object to vouching testimony by an investigator employed by the Oregon Department of Human Services. That investigator described her qualifications and explained that her role as an investigator was to determine whether abuse occurred and whether the children were safe. She testified that a call had come in identifying petitioner as a "safety concern" of the investigation, but there was also a "concern about the mother, that she was not able to protect the children from him, which from the agency's standpoint is also a concern." According to petitioner, that and similar testimony amounted to a comment on petitioner's daughter's credibility because it supported her statements to the investigator describing the abuse, and it was also a comment on the daughter's mother's credibility, in that it suggested the investigator did not believe her denials that petitioner abused their child.

The PCR court did not err in concluding that counsel was not deficient in deciding not to object. We are not

persuaded that the testimony amounted to impermissible vouching such that trial counsel made an unreasonable decision. The investigator testified as to the purpose of investigations generally and the steps she took in this investigation specifically. That testimony did not amount to a statement on another witness's credibility such that counsel acting reasonably would have been compelled to object. *See Manning v. Kelly*, 325 Or App 31, 35, 528 P3d 311 (2023) (detective testimony about the steps of a sex-trafficking investigation, including that the victim becoming increasingly cooperative is consistent with his experience, did not amount to vouching, as opposed to informing "the jury in reaching its own determination about the victim's credibility," because the testimony "[a]t most, described the "dynamics of sex-trafficking investigations"); *see also State v. Middleton*, 294 Or 427, 436-37, 657 P2d 1215 (1983) (although an expert may not give an opinion on whether an alleged victim is telling the truth, an expert may testify generally about the dynamics of sex abuse investigations). Accordingly, petitioner has not demonstrated that his lawyer failed to exercise objectively reasonable professional skill and judgment by not raising a vouching objection.

Affirmed.