On respondent's motion for summary affirmance filed October 18, and appellant's opposition to motion for summary affirmance filed October 22, 2001, motion for summary affirmance granted April 10, 2002

## LAWRENCE MELVIN MASTNE,
*Appellant,*

*v.*

## Robert SCHIEDLER,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

### CV001671; A114441

44 P3d 621

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

Marc Geller *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

## BREWER, P. J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. Petitioner asserts that his sentence as a dangerous offender is unconstitutional in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The state has filed a motion for summary affirmance, arguing that petitioner's claim is time barred under ORS 138.510(4),[1] as construed in our decision in *Wallis v. Baldwin*, 152 Or App 295, 954 P2d 192, *rev den* 327 Or 174 (1998). Petitioner replies that, despite the time bar of ORS 138.510(4), he is entitled to relief because he could not reasonably have raised his *Apprendi* claim until that case was decided. Because petitioner's appeal does not present a substantial question of law, we grant the motion for summary affirmance.

Petitioner was convicted of second-degree robbery in 1986. ORS 164.405. Pursuant to ORS 161.725 (1985), the sentencing court determined that petitioner was a dangerous offender and sentenced him to a 30-year indeterminate sentence with a 15-year minimum prison term. That sentence exceeded the 10-year maximum otherwise authorized for a conviction of second-degree robbery, a Class B felony. ORS 161.605(2). We affirmed petitioner's conviction on appeal, *State v. Mastne/Passer*, 91 Or App 31, 754 P2d 4, *rev den* (September 20, 1988); thus, petitioner's conviction became final in September 1988. In January 2001, petitioner filed his

---

[1] ORS 138.510 provides, in part:

"(3) A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(4) A one-year filing period shall apply retroactively to petitions filed by persons whose convictions and appeals became final before August 5, 1989, and any such petitions must be filed within one year after November 4, 1993. A person whose post-conviction petition was dismissed prior to November 4, 1993, cannot file another post-conviction petition involving the same case."

original petition for post-conviction relief. The trial court entered a judgment denying post-conviction relief, and petitioner filed this appeal.

We begin with a brief discussion of *Apprendi*. The defendant there had fired several shots into the home of an African-American family. He was indicted on and convicted of possession of a firearm for an unlawful purpose. The sentencing court found, by a preponderance of the evidence, that the defendant's crime was racially motivated and sentenced him to 12 years' imprisonment under New Jersey's hate crimes statute. The sentence exceeded the 10-year maximum sentence otherwise authorized for the defendant's crime of conviction under New Jersey law. The question for decision was "whether Apprendi had a constitutional right to have a jury find [racial] bias on the basis of proof beyond a reasonable doubt[.]" *Apprendi*, 530 US at 475-76. The Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt * * * ." *Id.* at 490.

Petitioner asserts that the holding in *Apprendi* applies to his dangerous offender sentence because it exceeded the statutory maximum sentence otherwise authorized for second-degree robbery. Petitioner argues that he was entitled to file a delayed petition for post-conviction relief pursuant to ORS 138.510(3) because he could not have reasonably made an *Apprendi* argument before that case was decided. Relying on *Wallis*, the state responds that petitioner's claim is barred by ORS 138.510(4). In *Wallis*, the petitioner argued that the escape clause in ORS 138.510(3)—authorizing the filing of a post-conviction relief action beyond the two-year time limit when the grounds for relief could not reasonably have been asserted during that time—must also apply to ORS 138.510(4). We noted in that case that the text of ORS 138.510(4), in contrast with ORS 138.510(3), did not contain an escape clause permitting a delayed petition. Accordingly, we concluded that the escape clause in ORS 138.510(3) does not apply to ORS 138.510(4). 152 Or App at 300.

Petitioner does not explain how—in light of *Wallis*—*Apprendi* assists him in this action.[2] Because petitioner's conviction became final in 1988, he was required to file his petition for post-conviction relief by no later than November 4, 1994. ORS 138.510(4). The petition in this action was filed in January 2001 and, thus, is time barred.

Motion for summary affirmance granted.

---

[2] Petitioner does not contend, for example, that *Apprendi* must be applied retroactively in post-conviction proceedings, in spite of ORS 138.510(4). *Cf. Teague v. Lane*, 489 US 288, 307, 109 S Ct 1060, 103 L Ed 2d 334, *reh'g den* 490 US 1031 (1989) (holding that the availability of federal habeas corpus relief based on a newly announced constitutional principle depends, in part, on whether the principle is such that "it requires the observance of those procedures that * * * are 'implicit in the concept of ordered liberty' "). *But see United States v. Sanchez-Cervantes*, 98-35897, 2002 WL 316822 (9th Cir as amended March 15, 2002) (holding that the *Teague* doctrine does not require retroactive application of *Apprendi* in federal habeas corpus proceedings). Consequently, we have no present occasion to consider that issue. Nor do we express any opinion as to whether the *Teague* doctrine may be applied to preserve a claim that is otherwise untimely under state statutes that govern post-conviction relief.