Argued and submitted March 10; affirmed May 3; petition for review allowed, decision of Court of Appeals vacated, judgment of trial court vacated, and case remanded to trial court so petitioner may file an amended petition for post-conviction relief under Senate Bill 321 (2023), § 1(5) September 14, 2023

(371 Or 333)

## LaVONT EARL BAKER,
*Petitioner-Appellant,*

*v.*

## STATE OF OREGON,
*Defendant-Respondent.*

### Multnomah County Circuit Court
20CV23267; A176077

529 P3d 1015

In 1986, a jury convicted petitioner of first-degree sodomy (Count 1), first-degree kidnapping (Count 2), and first-degree rape (Count 3). The verdict on Count 1 was unanimous; the verdicts on the other two counts were not. After the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner sought relief from his convictions on Counts 2 and 3 under Oregon's Post-Conviction Hearings Act on the ground that the nonunanimous verdicts violated his rights under the Sixth and Fourteenth Amendments. The state argues that petitioner's petition is barred under ORS 138.510(4), which requires that all post-conviction petitions challenging convictions that became final before August 5, 1989, must have been filed no later than November 4, 1994. Petitioner responds that the time limitation of ORS 138.510(4) bars relief that would otherwise be available to him and therefore violates Article I, sections 10 and 23, of the Oregon Constitution. *Held*: Petitioner's petition was untimely under ORS 138.510(4). That time limitation does not, as a matter of law, operate to suspend the writ of habeas corpus in violation of Article I, section 23. Petitioner also did not demonstrate that application of that time limitation deprived him of any remedy in violation of Article I, section 10.

Affirmed.

Eric L. Dahlin, Judge.

Margaret Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In 1986, a jury convicted petitioner of first-degree sodomy (Count 1), first-degree kidnapping (Count 2), and first-degree rape (Count 3). The verdict on Count 1 was unanimous; the verdicts on the other two counts were not. After the decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner initiated this proceeding under Oregon's Post-Conviction Hearings Act (PCHA). He seeks relief from his convictions on Counts 2 and 3 on the ground that the nonunanimous verdicts violated his rights under the Sixth and Fourteenth Amendments. Under ORS 138.510(4)—which, without exception, requires all post-conviction petitions challenging convictions that became final before August 5, 1989, to have been filed no later than November 4, 1994—the petition is untimely. The question before us is whether the application of the statute to bar petitioner's petition violates Article I, sections 10 or 23, of the Oregon Constitution. We conclude that the answer is no and, accordingly, affirm the grant of summary judgment to the state.

This case has been litigated in the midst of a legal landscape that has been changing in unpredictable ways. To give context for our analysis, we set forth the procedural history of this case along with a description of how the relevant law has evolved over the course of this case.

Petitioner, as noted, seeks relief from two 1986 convictions rendered by nonunanimous verdicts. After the decision in *Ramos*, he file this case under the PCHA. The state moved for summary judgment on two grounds: (1) that the petition was time-barred under ORS 138.510(4); and (2) that the rule of law announced in *Ramos* did not apply retroactively on collateral review. In response to the state's motion for summary judgment, petitioner argued that (1) application of ORS 138.510(4) to bar his petition would violate his rights under federal law, including his "rights to equal protection of the law and due process of the law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution"; and (2) that under both the PCHA and federal law retroactivity principles, he was entitled to relief

from his convictions that were the product of nonunanimous jury verdicts.[1]

The post-conviction court granted the state's motion. Observing that *Edwards v. Vannoy*, ___ US ___, 141 S Ct 1547, 209 L Ed 2d 651 (2021), was pending before the United States Supreme Court at the time, the post-conviction court noted that if that case concluded that *Ramos* applied retroactively, then "that would presumably end the inquiry in this case." The post-conviction court assumed without deciding that if *Ramos* applied retroactively, then ORS 138.510(4) would not bar his petition. Ultimately, it concluded that *Ramos* did not apply retroactively and entered a general judgment dismissing the petition. Petitioner appealed.

Meanwhile, the United States Supreme Court decided *Edwards*. Although no party had asked it to do so, the Court overruled its previous approach to deciding whether a new federal constitutional rule must be given retroactive effect on collateral review. *Edwards*, ___ US at ___, 141 S Ct at 1574 (Kagan, J., dissenting). Under the court's new approach to the retroactivity question, the rule of law announced in *Ramos* does not apply retroactively on collateral review as a matter of federal law. *Edwards*, ___ US at ___, 141 S Ct at 1560. The court noted that state law could afford an avenue of relief: "States remain free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings." *Id.* ___ US at ___, 141 S Ct at 1559 n 6. Following the decision in *Edwards*, we granted motions to certify to the Oregon Supreme Court several appeals raising the issue whether *Ramos* applied retroactively in cases brought under the PCHA. *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022); *Huggett v. Kelly*, 370 Or 645, 523 P3d 84 (2022); *Jones v. Brown*, 370 Or 649, 523 P3d 82 (2022).

While those cases were pending in the Oregon Supreme Court, briefing progressed in this matter. In his opening brief, mindful of *Edwards*, petitioner no longer contends, as he did in the post-conviction court, that it would

---

[1] There is some ambiguity as to whether the state's motion was a motion to dismiss or motion for summary judgment. Before us, the parties appear to treat it as a motion for summary judgment, and we accept their framing.

violate federal law to apply ORS 138.510(4) to bar his petition. Instead, petitioner asserts that application of the statute to his case would violate either Article I, section 23,[2] or Article I, section 10,[3] of the Oregon Constitution. Petitioner's theory is that, prior to the enactment of the PCHA, the relief he seeks would have been available by way of a writ of habeas corpus. From that proposition, he reasons that ORS 138.510(4) suspends the writ of habeas corpus, in violation of Article I, section 23. In the alternative, he asserts that the application of ORS 138.510(4) to bar his claim deprives him of a remedy, in violation of Article I, section 10.

In its initial responsive brief, the state did not address petitioner's arguments about ORS 138.510(4). Instead, noting that *Watkins* was pending in the Supreme Court, the state's primary argument was that *Ramos* did not apply retroactively in state post-conviction proceedings. In a footnote, the state argued that ORS 138.510(4) also barred petitioner's petition and stated that it would "seek leave to file additional briefing" following the decision in *Watkins*.

At the end of last year, the Oregon Supreme Court decided *Watkins*. Engaging in an exercise of statutory construction, the court determined that, in enacting the PCHA, the legislature intended to authorize a grant of relief for federal constitutional violations, like the one identified in *Ramos*, unless the state pleaded and proved that one of the procedural bars contained in the PCHA applied:

> "Where the state has not asserted and proved any of the procedural defenses set out in the PCHA, a court must grant post-conviction relief for any denial of a constitutional right that is both consequential and offensive to our 'judicial sense' of what is fundamentally fair in the context of criminal prosecutions, based on the traditions that have determined what we recognize as a defendant's procedural rights."

---

[2] Article I, section 23, provides: "The privilege of the writ of *habeas corpus* shall not be suspended unless in case of rebellion, or invasion the public safety require it." (Italics in original.)

[3] Article I, section 10, provides: "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

*Watkins*, 370 Or at 630-31. The court held that the violation of a criminal defendant's Sixth and Fourteenth Amendment right to a unanimous jury verdict recognized in *Ramos* was the type of constitutional violation for which the PCHA requires a grant of relief, unless one of the procedural defenses contained in the PCHA applies. *Id.* at 633. Because the state in that case had not raised a procedural defense under the PCHA, the court ruled that the petitioner in that case was entitled to relief from his convictions that were based on nonunanimous jury verdicts. *Id.* at 633-34.

After the decision in *Watkins*, we allowed supplemental briefing by both parties to address the application of ORS 138.510(4) to petitioner's petition and whether the Oregon Constitution precludes us from applying that statutory bar.

Responding to petitioner's argument that the statute operates to suspend the writ of habeas corpus under Article I, section 23, the state, among other things, points out that petitioner is not presently in custody or serving a term of parole or post-prison supervision. The state argues that that means the writ of habeas corpus would not have been a remedy available to him. Because habeas would not have been an available remedy to petitioner, the state argues that ORS 138.510(4) does not operate to suspend the writ as to him. Responding to petitioner's Article I, section 10, argument, the state argues that under *Lunsford v. NCH Corp.*, 285 Or App 122, 396 P3d 288, *rev den*, 362 Or 38 (2017), a statute of ultimate repose does not violate Article I, section 10.

In reply, petitioner argues that regardless of whether the writ of habeas corpus is a remedy available to someone not in custody, the application of ORS 138.510(4) to bar his petition would violate Article I, section 10, for a different reason. Petitioner argues that the writ of *coram nobis* would have been an available remedy for an out-of-custody defendant. *See Reeves v. Nooth*, 294 Or App 711, 732, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019) (defining *coram nobis* as "a remedy that, historically, demanded proof of an extraordinary circumstance of innocence based on newly discovered evidence" and describing its history).

In petitioner's view, that means that ORS 138.510(4) operates to deprive him of a remedy to which he would otherwise have been entitled.

Having considered the parties' arguments, we conclude that ORS 138.510(4), bars a grant of relief to petitioner.[4] That provision, enacted in 1993, requires challenges to convictions that became final before August 5, 1989, to have been filed before November 4, 1994:

> "A one-year filing period shall apply retroactively to petitions filed by persons whose convictions and appeals became final before August 5, 1989, and any such petitions must be filed within one year after November 4, 1993."

ORS 138.510(4). As we have held, the provision does not contain any exceptions. *Mastne v. Schiedler*, 180 Or App 552, 555-56, 44 P3d 621 (2002); *Wallis v. Baldwin*, 152 Or App 295, 954 P2d 192, *rev den*, 327 Or 174 (1998).

Petitioner's arguments that the provision cannot, consistent with Article I, section 23, or Article I, section 10, be applied to preclude a grant of relief to him do not persuade us otherwise.

As for the argument that application of ORS 138.510(4) would deprive petitioner of a habeas remedy, the state is correct that, under Oregon law, the common law writ of habeas corpus has not been a remedy available to a person who is no longer in custody. *City of Salem v. Bruner*, 299 Or 262, 267-68, 702 P2d 70 (1985); *White v. Gladden*, 209 Or 53, 64-65, 303 P2d 226 (1956). That means that, as applied to a person not in custody, ORS 138.510(4) does not, as matter of law, operate to suspend the writ of habeas corpus in violation of Article I, section 23. For the same reason, the provision, as applied to petitioner, does not violate Article I, section 10, insofar as petitioner claims that it has deprived him of a habeas corpus remedy. The Supreme Court has held that Article I, section 10, does not afford a right to collateral review beyond that protected by Article I, section 23.

---

[4] Although the parties' arguments differ from the ones they developed in the post-conviction court, that flows from the fact that the parties have had to respond to the rapid and unexpected ways in which the law on retroactivity has evolved over the course of this proceeding.

*Bryant v. Thompson*, 324 Or 141, 150, 922 P2d 1219 (1996) ("Article I, section 23, is the provision that defines the extent of the state constitutional right to collateral review of a criminal conviction or sentence, whether the form be common law or statutory."). In other words, if a restriction on habeas corpus comports with Article I, section 23, then it necessarily comports with Article I, section 10. *Id.*

We reject for similar reasons petitioner's argument that application of ORS 138.510(4) to bar his petition violates Article I, section 10, by displacing the remedy of *coram nobis*. To be sure, in enacting the PCHA, the legislature abolished the common law writ of *coram nobis*. ORS 138.540(1); *Reeves*, 294 Or App at 721. And petitioner is correct that, under Oregon law, *coram nobis*, unlike habeas, was a remedy available to a person who was no longer in custody. Jack G. Collins & Carl R. Neil, *The Oregon Postconviction-Hearing Act*, 39 Or L Rev 337, 342 (1960). But those points do not demonstrate that applying ORS 138.510(4) to petitioner would violate Article I, section 10.

As an initial matter, we note that petitioner has not developed that argument under the framework established in *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), which we use to determine whether a legislative enactment violates the remedy clause of Article I, section 10. *Rains v. Stayton Builders Mart, Inc.*, 289 Or App 672, 677, 410 P3d 336 (2018) (noting *Horton* "significantly changed the legal framework for analyzing constitutional limitations on the legislature's ability to substantively alter or adjust a person's remedy for injuries to person, property, and reputation"). As a result, it is not clear to us that the PCHA, which also contemplates that relief may be available to out-of-custody persons, ORS 138.560(1), necessarily provides lesser relief than that offered by *coram nobis* to someone in petitioner's circumstances. It also is not clear to us that petitioner's claim for relief would provide a cognizable basis for *coram nobis* relief. *Coram nobis* "is a rare and extraordinary remedy that allows courts to avoid manifest injustice or fraud on the court." *Reeves*, 294 Or App at 735 (internal quotation marks omitted). Petitioner has not demonstrated that his claim for relief from a conviction rendered by a nonunanimous jury verdict where, as here, he is out of custody and has

completed his sentence, presents the type of circumstances in which *coram nobis* was available to remedy a "manifest injustice."

　　In particular, petitioner has not identified any authority for the proposition that the *state* law remedy of *coram nobis* would have provided a mechanism for a person to vindicate a newly incorporated *federal* constitutional right where, as here, the United States Supreme Court has held, as it did in *Edwards*, that the right is not one for which *federal* law requires a retroactive remedy on collateral review. *Edwards*, ___ US ___, 141 S Ct at 1562. Further, in a similar vein, under the reasoning in *Watkins*, the source of state law authorizing the application of the *Ramos* rule on state collateral review is the PCHA itself, not the state or federal constitution. That may be why the *Watkins* court made clear that a grant of relief is required "[w]here the state has not asserted and proved any of the procedural defenses set out in the PCHA." *Watkins*, 370 Or at 630-31. Petitioner has not identified any source of law extraneous to the PCHA that would entitle a person who has completed their sentence and is out of custody to relief from a conviction under *Ramos* on collateral review. Absent a showing that some source of state or federal law independent of the PCHA would entitle petitioner as of right to the retroactive application of the *Ramos* rule on collateral review, petitioner has not demonstrated that application of the procedural limits contained within the PCHA have deprived him of the remedy of *coram nobis* or any other remedy.

　　In short, under ORS 138.510(4), the petition is untimely. For all the reasons stated above, petitioner has not demonstrated that the application of that procedural bar to him violates his rights under Article I, section 23, or Article I, section 10. We therefore affirm.

　　Affirmed.