Submitted August 8, affirmed October 4, 2023, petition for review denied January 12, 2024 (371 Or 825)

CHRIS PATRICK HARLUKOWICZ,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Coos County Circuit Court
21CV12327; A177644

537 P3d 988

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner alleges a nonunanimous jury convicted him of second-degree robbery and unauthorized use of a motor vehicle in 1989. He filed for post-conviction relief in 2021 following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 283 (2020). The post-conviction court granted the state's motion to dismiss the petition on the ground that petitioner's petition was time barred under ORS 138.510(4). Petitioner argues that the application of the statute to his petition violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Held*: The Court of Appeals rejected petitioner's argument that applying ORS 138.510(4) to bar him from challenging his 1989 convictions under *Ramos* violates his federal due process rights. The United States Supreme Court has noted that states retain discretion to retroactively apply *Ramos*'s jury-unanimity rule as a matter of state law, but no source of federal law requires states to allow petitioners to challenge alleged nonunanimous verdicts retroactively.

Affirmed.

Megan Jacquot, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, C. J.

In June 1989, a jury convicted petitioner of second-degree robbery and unauthorized use of a motor vehicle. Following the United States Supreme Court's 2020 decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner brought this post-conviction proceeding. He contends that his convictions were the product of verdicts that were not unanimous and that he is entitled to relief from them for that reason. The post-conviction court granted the state's motion to dismiss on the ground, among others, that petitioner's challenge to his convictions was time barred under ORS 138.510(4). That provision "without exception, requires all post-conviction petitions challenging convictions that became final before August 5, 1989, to have been filed no later than November 4, 1994[.]" *Baker v. State of Oregon*, 325 Or App 634, 635, 529 P3d 1015, *vac'd and rem'd on other grounds*, 371 Or 333, 535 P3d 1285 (2023).[1]

On appeal, petitioner does not dispute that ORS 138.510(4) bars his petition.[2] Instead, he contends that the application of the statute to preclude him from seeking relief from his (allegedly) nonunanimous convictions violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In our view, that argument does not square with *Edwards v. Vannoy*, 593 US at ___, 141 S Ct

---

[1] The Supreme Court vacated our decision in *Baker* and remanded on the petitioner's unopposed motion under SB 321 (2023), Oregon Laws 2023, chapter 368, section 1(5), which created a mechanism for people to pursue otherwise time-barred challenges to convictions based on unanimous verdicts.

[2] The state argues that the appeal should be dismissed because petitioner did not appeal the original judgment before the time to file an appeal expired. Instead, he appealed the amended judgment entered pursuant to petitioner's ORCP 71 motion to set aside the judgment. For that proposition, the state cites *State v. Fenton*, 294 Or App 48, 58, 430 P3d 152 (2018), among other cases. *Fenton* notes that a trial court cannot amend a judgment to revive a party's right to appeal, when the party has lost that right by not timely appealing an earlier judgment "that embodies the ruling that the party wishes to challenge." *Id*. However, the amended judgment in this case did not merely embody the original judgment. Initially, the court dismissed on the ground that ORS 138.510(4) barred the petitioner from obtaining relief. In the amended judgment, the court explained that its conclusion was conditional and that although the petition "was filed 27 years too late *** if a higher Oregon Court later decides that *Ramos* is retroactive because of the watershed nature of the jury unanimity rule change, Petitioner would be able to re-file his petition." Given the nature of the changes to the judgment, we are not persuaded by the state's argument that the judgment at issue is not appealable.

1547, 209 L Ed 2d 651 (2021). In *Edwards*, the Court held that the rule of law announced in *Ramos* does not apply retroactively on federal collateral review. *Id*. at ___, 141 S Ct at 1559-60. In so doing, the Court categorically rejected the notion that new rules of criminal procedure implicate fundamental fairness so as to require retroactive application as a matter of due process. *Id*. (noting that the Court had never found a new rule of criminal procedure to so implicate fundamental fairness so as to require retroactive application on collateral review). The Court also stated that whether to grant retrospective effect to a new rule of criminal procedure was a choice a state could make, but was not required to make: "States remain free, *if they choose*, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings." *Id*. at ___ n 6, 141 S Ct at 1559 n 6 (emphasis added). We understand this to mean that no source of federal law, including the Due Process Clause, *requires* the state to allow a petitioner to challenge convictions, no matter how old, on the ground that they were rendered by nonunanimous verdicts. Accordingly, we reject petitioner's contention that the application of ORS 138.510(4) to bar him from challenging his 1989 convictions under *Ramos* violates his due process rights under the federal constitution. Consistent with the post-conviction court's decision to dismiss the petition without prejudice, our decision, too, is without prejudice to petitioner's ability to petition for relief under SB 321 (2023). *See generally* Or Laws 2023, ch 368.[3]

Affirmed.

---

[3] Petitioner has not requested us to remand this case, as would be allowed under SB 321.