No. 117       February 22, 2024       119

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RANDY E. WEST,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV16229; A178313

Thomas M. Hart, Judge.

Submitted January 30, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Petitioner appeals a judgment dismissing his petition for post-conviction relief as untimely. Specifically, the post-conviction court dismissed on the ground that the petition was time-barred by ORS 138.510(4). That provision, "without exception, requires all post-conviction petitions challenging convictions that became final before August 5, 1989, to have been filed no later than November 4, 1994." *Baker v. State of Oregon*, 325 Or App 634, 635, 529 P3d 1015, *vac'd and rem'd on other grounds*, 371 Or 333 (2023).[1] In this case, petitioner's conviction became final on May 26, 1989. *State v. West*, 95 Or App 133, 769 P2d 807, *rev den*, 307 Or 611 (1989) (affirming from the bench the trial court's judgment of conviction and incarceration).[2] Petitioner initially pursued timely post-conviction relief; the post-conviction court denied relief, and we affirmed. *West v. Zenon*, 106 Or App 181, 807 P2d 348, *rev den*, 311 Or 427 (1991). Petitioner is now out of prison and is on parole. He filed the pertinent petition for relief in April 2021, nearly thirty years after his conviction became final. Thus, as the post-conviction court concluded, the petition is untimely because it was not filed before November 4, 1994, as required by ORS 138.510(4).

Seeking a different result, petitioner argues that the application of ORS 138.510(4) to his petition violates Article I, sections 23 and 10, of the Oregon Constitution because it would deprive him of habeas corpus relief and denies a remedy for an unconstitutional conviction, respectively, and violates due process. To that end, we reaffirm our prior holding in *Baker* that "the common law writ of habeas corpus has not been a remedy available to a person who is no longer in custody." *Baker*, 325 Or App at 639. Accordingly,

---

[1] As we explained in *Harlukowicz v. State*, 328 Or App 468, 469 n 1, 537 P3d 988 (2023), *rev den*, 371 Or 825 (2024), "[t]he Supreme Court vacated our decision in *Baker* and remanded on the petitioner's unopposed motion under SB 321 (2023), Oregon Laws 2023, chapter 368, section 1(5), which created a mechanism for people to pursue otherwise time-barred challenges to convictions based on nonunanimous verdicts." Because the Supreme Court's action of vacating and remanding our decision in *Baker* under SB 321 does not call into question our analysis in that decision, we reaffirm it here.

[2] Petitioner asserts that his conviction did not become final until September 1990. However, the record contains an appellate judgment entered in this court on May 26, 1989.

because petitioner is no longer in custody, he does not have a claim for habeas corpus, and thus the post-conviction court did not err in applying the statute of ultimate repose to petitioner's untimely petition.

Finally, we reject petitioner's argument that the escape clause of ORS 138.510(3) saves his petition. As we have explained, ORS 138.510(4) applies to bar the petition, and that provision does "not contain an escape clause permitting a delayed petition." *Mastne v. Schiedler*, 180 Or App 552, 555, 44 P3d 621 (2002); *see also Baker*, 325 Or App at 639 (so noting). For those reasons, we affirm the judgment of the post-conviction court.

Affirmed.